HOWARD Z. ROSEN, State Bar No. 54442
hzrosen@posner-rosen.com
JASON C. MARSILI, State Bar No. 233980
jmarsili@posner-rosen.com
BRIANNA M. PRIMOZIC, State Bar No. 274397
bprimozic@posner-rosen.com

POSNER & ROSEN LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2679
Telephone No. (213) 389-6050
Facsimile No. (213) 389-0663

Attorneys for DEFENDANTS
*William C. Waggoner, Mickey J. Adams,*
*Ron Sikorski, Dan Billy, Dan Hawn,*
*Larry Davison, Patricia M. Waggoner,*
*Kenneth D. Waggoner, Bert Tolbert,*
*and Operating Engineers Funds, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, *et al.*,<br><br>　　　　　　Defendants.<br>_____ | CASE NO.  CV 12-10506 DDP (VBKx)<br>*CLASS ACTION*<br><br>**NOTICE OF MOTION AND MOTION BY WILLIAM C. WAGGONER, PATRICIA M. WAGGONER, BERT TOLBERT, MICKEY J. ADAMS, RON SIKORSKI, DAN BILLY, DAN HAWN, LARRY DAVISON, KENNETH D. WAGGONER, AND OPERATING ENGINEERS FUNDS, INC. TO STRIKE PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:　　　February 10, 2014<br>Time:　　　10:00 a.m.<br>Place:　　　Courtroom 3, 2nd Floor<br>Judge:　　　Hon. Dean D. Pregerson |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 10, 2014, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Dean D. Pregerson, Judge Presiding, located at 312 North Spring Street, Los Angeles, CA 90012, Defendants Bert Tolbert, William C. Waggoner, Mickey J. Adams, and Patricia M. Waggoner will, and do hereby, move for an Order striking portions of the Third Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that allegations in Paragraphs 92, 227, and 228 contain redundant, immaterial, impertinent, and/or scandalous matter.

This motion is based on this notice of motion and motion and the accompanying memorandum of points and authorities and any further argument before or at the hearing on the motion.

The motion is made following the conference of counsel pursuant to Local Rule 7-3 on November 11, 2013.


**DATED:** November 25, 2013                    **POSNER & ROSEN LLP**


By:_____ *Howard Z. Rosen*_____

HOWARD Z. ROSEN
JASON C. MARSILI
BRIANNA M. PRIMOZIC
Attorneys for Defendants
William C. Waggoner, Mickey J.
Adams, Ron Sikorski, Dan Billy, Dan
Hawn, Larry Davison, Patricia M.
Waggoner, Kenneth D. Waggoner,
Bert Tolbert, and Operating Engineers
Funds, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Three paragraphs of the Third Amended Complaint contain allegations that are designed to demean, denigrate, and insult Defendants Bert Tolbert, the administrator of the Operating Engineers Training Trust, William C. Waggoner, Business Manager of Operating Engineers Local 12, Mickey J. Adams, President of Operating Engineers Local 12, and Patricia M. Wagoner**,** Senior Vice President of Amalgamated Bank and the wife of Defendant William C. Waggoner.  None of this matter is properly included in the Third Amended Complaint as it immaterial, impertinent, and in some cases scandalous.  Therefore, the matter should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## II.    THE IMMATERIAL, IMPERTINENT, OR SCANDALOUS ALLEGATIONS SHOULD BE STRICKEN

Pursuant to Rule 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."  Several of the allegations against these Defendants are proscribed by Rule 12(f).

### A.    Bert Tolbert

Bert Tolbert is the Administrator of the Southern California Training Trust and the Southern Nevada Training Trust.  TAC ¶ 31.  Plaintiffs allege that Tolbert "placed his granddaughter Jodi McMullen on the Southern California Training Trust payroll in order to provide her with health care through the Health & Welfare Fund."  TAC ¶ 92.  Plaintiffs further allege that "Ms. McMullen, about 25 years old at the time, had been addicted to prescription drugs and alcohol which destroyed her liver.  *Id.*  Plaintiffs allege that Ms. McMullen "was on the liver donor list and received a liver at the expense of the Trust."  *Id.*

The essence of these allegations is that Tolbert hired his granddaughter because she was seriously ill and needed a liver transplant.  Whether she needed a transplant because of an alleged addiction to prescription drugs and alcohol or

because of another reason is immaterial and impertinent.  This allegation is scandalous and an effort through the litigation privilege to tarnish Tolbert and his granddaughter.  These allegations are immaterial and  impertinent as they have no essential or important relationship to the claim and consist of statements that do not pertain and are not necessary to the issues presented.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994).  As a result, they should be stricken from the Third Amended Complaint.

**B.    William C. Waggoner**

William C. Waggoner is the Business Manager of Operating Engineers Local 12.  TAC ¶ 15.  Paragraph 227 alleges that Waggoner is a "heavy drinker" and that he "has regularly been under the influence of alcohol while acting as Business Manager and as Trustee in the various trusts on which he sits."  Paragraph 227 further alleges that "[s]uch conduct is in breach of his fiduciary duties to union members and trust beneficiaries."

Paragraph 228 alleges that Local 12 officers, including presumably Waggoner, drink alcohol at union functions and that Local 12 staff members purchase and drink alcohol.  This paragraph also alleges that these persons drive Local 12 vehicles while intoxicated and thereby place Local 12 at risk of serious financial liability should someone be injured by such intoxicated drivers.

These allegations are immaterial and impertinent as they have no essential or important relationship to the claim and consist of statements that do not pertain and are not necessary to the issues presented.  Whether Waggoner is a heavy drinker, drinks at union functions, or is "under the influence" while acting as the Business Manager or a Trustee is immaterial.  It is not the status of his sobriety that is relevant.  Instead, the issue is whether, as the Business Manager or a Trustee, Waggoner has engaged in acts that constitute a breach of his fiduciary duty.

The allegations about Local 12 events are similarly immaterial and do not pertain to the issues in the case.  Any assertion by Plaintiffs that the allegation that

Waggoner breached his fiduciary duty as the Business Manager of Local 12 is material or pertinent is belied by the dismissal of the Title V portion of the third claim for relief under Section 501 the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501. [Document 102].

### C.   Mickey J. Adams

Mickey J. Adams is the President of Local 12 and a Trustee of three of its trust funds. TAC ¶ 32. Paragraph 227 alleges that like Waggoner, Adams is a heavy drinker and that he drinks throughout the day. There is no allegation that his alleged drinking has caused Adams to engage in any acts that constitute a breach of his fiduciary duty as a Trustee. The only allegation is that Adams is aware that Waggoner is at times under the influence. This does not constitute a breach of Adams' fiduciary duty as a Trustee.

Paragraph 228 alleges that Local 12 officers, presumably including Adams, drink at all union functions. The allegations in this paragraph have nothing to do with Adams' status as a Trustee. As with Waggoner, the Title V claim has been dismissed against Adams. [Document 102]. The allegations about heavy drinking are included in the Third Amended Complaint merely to besmirch Adams' good name.

### D.   Patricia M. Waggoner

Patricia M. Waggoner is the wife of William C. Waggoner and a Senior Vice President of Amalgamated Bank. TAC ¶ 30. Plaintiffs allege in Paragraph 229 that Patricia M. Waggoner has driven a Local 12-owned Ford Flex after drinking and that the reason that she has done so is to avoid "the inconvenience to her posed by the alcohol-detection device that was installed in her own vehicle due to her own DUI history." The thrust of the allegation is that Patricia M. Waggoner, who is not an employee of Local 12, should not be driving a Local 12-owned vehicle for personal reasons. It appears that this allegation is directed towards an alleged breach of fiduciary duty by William C. Waggoner for allowing his wife to use a

4

1  union asset for her personal use.

2      The allegations about drinking, the alcohol-detection device, and a DUI

3  history should be stricken as immaterial.  The reason that Patricia M. Waggoner

4  allegedly used a union vehicle for her personal use is immaterial.  The alleged

5  violation of the LMRDA occurred when she used the vehicle for her personal use

6  whether to avoid the inconvenience of an alcohol-detection device or not.

7  Therefore, the reason for the alleged misuse of a union asset by Patricia M.

8  Waggoner, the wife of the Local 12 Business Manager William C. Waggoner, is

9  not relevant.  More importantly, the Title V portion of the third claim for relief,

10  which is that portion of the claim that relates to a union officer's fiduciary duty

11  under Section 501 of the LMRDA, 29 U.S.C. § 501, has been dismissed.

12  [Document 102].

13  **III.   CONCLUSION**

14      Based upon the foregoing, Defendants Bert Tolbert, William C. Waggoner,

15  Mickey J. Adams, and Patricia M. Waggoner submit that these allegations in

16  Paragraphs 92 and 227-229 should be stricken from the Third Amended Complaint.

17

18  **DATED:** November 25, 2013            **POSNER & ROSEN LLP**

19

20                           By:____ *Howard Z. Rosen*_____

21                               HOWARD Z. ROSEN
                                 JASON C. MARSILI
22                               BRIANNA M. PRIMOZIC
                                 Attorneys for Defendants
23                               William C. Waggoner, Mickey J.
                                 Adams, Ron Sikorski, Dan Billy, Dan
24                               Hawn, Larry Davison, Patricia M.
                                 Waggoner, Kenneth D. Waggoner,
25                               Bert Tolbert, and Operating Engineers
                                 Funds, Inc.
26

27

28

**NOTICE OF MOTION AND MOTION TO STRIKE**
**PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**