HOWARD Z. ROSEN, State Bar No. 54442
hzrosen@posner-rosen.com
JASON C. MARSILI, State Bar No. 233980
jmarsili@posner-rosen.com
BRIANNA M. PRIMOZIC, State Bar No. 274397
bprimozic@posner-rosen.com

POSNER & ROSEN LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2679
Telephone No. (213) 389-6050
Facsimile No. (213) 389-0663

Attorneys for DEFENDANTS
*William C. Waggoner, Mickey J. Adams,
Ron Sikorski, Dan Billy, Dan Hawn,
Larry Davison, Patricia M. Waggoner,
Kenneth D. Waggoner, Bert Tolbert,
and Operating Engineers Funds, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, *et al.*,<br><br>    Defendants.<br><br>_____ | CASE NO.  CV 12-10506 DDP (VBKx)<br>*CLASS ACTION*<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS WILLIAM C. WAGGONER, PATRICIA M. WAGGONER, BERT TOLBERT, MICKEY J. ADAMS, RON SIKORSKI, DAN BILLY, DAN HAWN, LARRY DAVISON, KENNETH D. WAGGONER, AND OPERATING ENGINEERS FUNDS, INC. TO DISMISS THE THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      February 10, 2014<br>Time:      10:00 a.m.<br>Place:      Courtroom 3, 2nd Floor<br>Judge:      Hon. Dean D. Pregerson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2014, at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Dean D. Pregerson, Judge Presiding, in Courtroom 3 of the above-entitled court located at 312 North Spring Street, Second Floor, Los Angeles, California 90012, Defendants William C. Waggoner, Patricia M. Waggoner, Bert Tolbert, Mickey J. Adams, Ron Sikorski, Dan Billy, Dan Hawn, Larry Davison,[1] Kenneth D. Waggoner, and Operating Engineers Funds, Inc. (collectively referred to herein as "Moving Defendants") will, and do hereby, move for an Order dismissing the Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that the Third Amended Complaint fails to state claims for relief against the Moving Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of the Labor Management Reporting and Disclosure Act ("LMRDA"), violation of the Employment Retirement Income Security Act ("ERISA"), breach of fiduciary duty under common law, violation of California Labor Code sections 221 and 2802, negligence and negligent supervision, violation of the California Unfair Competition Law (Bus. & Profs. Code § 17200, *et seq*.), or aiding and abetting.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support, Defendants' Notice of Joinder in Motions to Dismiss the Third Amended Complaint filed

///

///

///

---

[1] Plaintiffs have mistakenly spelled Defendant Larry Davison's name as "Davidson." Moving Defendants will refer to Mr. Davison using the correct spelling herein.

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**

concurrently herewith, the complete files and records in this action, and any further argument or evidence as may be presented at or before the hearing on the motion.

The motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 15, 2013.


**DATED:** November 25, 2013                    **POSNER & ROSEN LLP**


                                   By:_____ *Howard Z. Rosen*_____
                                        HOWARD Z. ROSEN
                                        JASON C. MARSILI
                                        BRIANNA M. PRIMOZIC
                                        Attorneys for Defendants
                                        William C. Waggoner, Mickey J.
                                        Adams, Ron Sikorski, Dan Billy, Dan
                                        Hawn, Larry Davison, Patricia M.
                                        Waggoner, Kenneth D. Waggoner,
                                        Bert Tolbert, and Operating Engineers
                                        Funds, Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................................ v

INTRODUCTION.................................................................. 1

LEGAL STANDARD.............................................................. 1

ARGUMENT...................................................................... 1

I.      PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED.............. 2

        A.      Plaintiffs Lack RICO Standing................................ 2

        B.      Plaintiffs Fail to Plausibly Allege the Requisite Pattern of
                Racketeering Activity by Moving Defendants................... 6

                1.      Plaintiffs fail to adequately allege *any* predicate
                        acts to support their RICO Claims ...................... 6

                        a)      Mail and Wire Fraud. ......................... 7

                        b)      Hobbs Act Extortion. ......................... 9

                        c)      Unlawful Monetary Transactions. ............. 10

                        d)      Embezzlement. ................................ 10

                        e)      Travel Act Violations......................... 11

                2.      The TAC remains devoid of any factual RICO
                        allegations as to certain Moving Defendants............. 11

                3.      Plaintiffs' allegations fail to establish
                        a requisite "pattern"................................. 13

        C.      Plaintiffs' RICO Conspiracy Claim Cannot Survive............. 14

II.     PLAINTIFFS' LMRDA CLAIM SHOULD BE DISMISSED. ......... 15

        A.      Plaintiffs Lack Standing as They Have Not Alleged an Infringement
                of Their Rights Under Title I................................ 15

        B.      The Title I Claim Is Barred By The Statute of Limitations....... 16

        C.      Plaintiffs Have Not Satisfied the
                Prerequisites For a Tittle II Claim .......................... 16

III.    PLAINTIFFS' ERISA CLAIM SHOULD BE DISMISSED ........... 17

        A.      Plaintiffs Do Not Have Standing to Bring their ERISA Claim ..... 17

        B.      Patricia M. Waggoner and Kenneth D. Waggoner Are Not Trust Fund
                Fiduciaries But Rather Relatives William C. Waggoner . ........ 18

iii

|   | 1. | Patricia M. Waggoner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 |
|   | 2. | Kenneth D. Waggoner . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19 |
| C. | | Plaintiffs Fail to Show That the Local 12 Officers Violated ERISA . . . . . . . . . . . . . . . . . . . . . . . . 19 |
|   | 1. | Defendants Sikorski, Hawn, Davison, and Adams. . . . . . . . . 19 |
|   | 2. | Defendant Mickey J. Adams . . . . . . . . . . . . . . . . . . . . . . . . . 20 |
|   | 3. | Defendant Dan Billy.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21 |

IV.   PLAINTIFFS' CLAIM FOR COMMON LAW BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    A.   Plaintiffs' Allegations are Insufficient to Support their Claims Against Moving Defendants or to Demonstrate Standing . . . . . . . 21

    B.   The Fifth Claim Is A Thinly Veiled Attempt to Assert A Breach of the Duty Of Fair Representation by Local 12 for Which Individual Union Officials Cannot Be Liable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

V.   PLAINTIFFS' CLAIM FOR CALIFORNIA LABOR CODE VIOLATIONS SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . 23

    A.   The Labor Code Provisions Apply Only To an "Employer". . . . . . 23

    B.   The Labor Code Claims are Further Preempted by the NLRA . . . . 24

VI.   PLAINTIFFS' SEVENTH, EIGHTH, AND NINTH CLAIMS SHOULD BE DISMISSED.. . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

**Cases**                                                                **Page No.**

*Adams-Lundy v. Ass'n of Proff'l Flight Attendants*,
844 F.2d 245 (5th cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Aguilar v. Mega Lighting, Inc.*,
2009 WL 940941 (C.D. Cal. Apr. 6, 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Air Line Pilots Ass'n Intern. O'Neill*,
499 U.S. 65 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Atkinson v. Sinclair Refining Co.*,
370 U.S. 238 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Blake v. Dierdorff*,
856 F.2d 1365 (9th Cir. 1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bona v. Barasch*,
2003 WL 1395932, at *24-29 (S.D.N.Y. March 20, 2003). . . . . . . . . . . . . . . . . . 4

*Canyon Country v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Carter v. Entercom Sacramento, LLC*,
2319 Cal. App.4th 337, 345 (2013).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Cleveland v. U.S.*,
531 U.S. 12 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*DelCostello v. Teamsters*,
462 U.S. 151 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Diaz v. Gates*,
420 F.3d 897 (9th Cir. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
737 F. Supp. 792 (S.D.N.Y. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Evans v. City of Chicago*,
434 F.3d 916 (7th Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Finnegan v. Leu*,
456 U.S. 431 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Firestone Tire and Rubber Co. v. Bruch*,
489 U.S. 101 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Flaherty v. Warehousemen, Garage and Service Station Employees Union etc.*,
574 F.3d 484 (9th Cir. 1978).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Friend v. Sanwa Bank California*,
35 F.3d 466 (9th Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Fruit & Vegetable Packers & Warehousemen Local 760 v. Morley*,
378 F.2d 738 (9th Cir. 1967).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Garner v. Teamsters, Cahuffeurs and Helpers, Local Union No. 776*,
346 U.S. 485 (1953). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Graf v. Peoples*,
2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008). . . . . . . . . . . . . . . . . . . . 7, 13

*Grimmett v. Brown*,
75 F.3d 506 (9th Cir. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Harper v. American Chambers Life Ins. Co.*,
898 F.2d 1432 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hemi Group, LLC v. City of New York*,
130 S. Ct. 983, 989 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hill v. Opus Corp.*,
841 F.Supp.2d 1070 (C.D. Cal. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*HJ Inc. v. Northwestern Bell Telephone Company*,
492 U.S. 229 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Holmes v. Sec. Investor Prot. Corp.*,
503 U.S. 258 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Howard v. Am. Online Inc.*,
208 F. 3d 741 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Hussey v. Operating Engineers Local Union No. 3*,
35 Cal. App. 4th 1213 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*In re Century Aluminum Co. Securities Litigation*,
729 F.3d 1104 (9th Cir. 2013).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

*In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
2007 WL 486367 (N.D. Cal. Feb. 12, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Schering Plough Corp.*,
678 F.3d 235 (3d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Izenberg v. ETS Services*, LLC,
589 F. Supp. 2d 1193 (C.D. Cal. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14

*Kerr's Catering Service v. Department of Industrial Relations*,
57 Cal. 2d 319 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Lancaster Community Hospital v. Valley Hospital District*,
940 F.2d 397 (9th Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Lewis v. Casey*,
518 U.S. 343 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lumbar Production Indus. Workers Local No. 1054 v. West Coast Industrial
Relations Association, Inc.*, 775 F.2d 1042 (9th Cir. 1985). . . . . . . . . . . . . . . . . 26

*Mamula v. United Steelworkers of America*,
304 F.2d 108 (3d Cir. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Marquez v. Screen Actors Guild, Inc.*,
525 U.S. 33 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Massachusetts Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*McGowan v. Maryland*
366 U.S. 420 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Mendoza v. Zirkle Fruit Co.*,
301 F.3d 1163 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mertens v. Hewitt Associates*,
508 U.S. 248 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Monterey Plaza Hotel Ltd. P'ship v. Local 483*,
215 F.3d 923 (9th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*NLRB v. General Motors Corp.*,
373 U.S. 734 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Oakland Raiders v. National Football League*,
131 Cal. App. 4th 621 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*O'Hara v. Teamsters Union Local No. 856*,
151 F.3d 1152 (9th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Pelletier v. Zweifel*,
921 F.2d 1465 (11th Cir. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

*Pineda v. Saxon Mortg. Services, Inc.*,
2008 WL 5187813 (C.D. Cal. Dec. 10, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Reed v. United Transp. Union*,
488 U.S. 319 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Reeves v. Ernst & Young*,
507 U.S. 170 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*San Diego Building & Construction Trades Council v. Garmon.*,
389 U.S. 236 (1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Sanford v. MemberWorks, Inc.*,
625 F.3d 550 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Savage v. Council on American-Islamic Relations, Inc.*,
2008 WL 2951281 (E.D. Wash. Dec. 4, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Scheidler v. National Organization for Women, Inc.*,
537 U.S. 393 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Sekhar v. U.S.*,
133 S. Ct. 2720 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sparling v. Hoffman Const. Co.*,
864 F.2d 635 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Steele v. Hosp. Corp. Of Am.*,
36 F.3d 69 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Teamsters Joint Council No. 42 v. International Brotherhood of Teamsters*,
AFL-CIO, 82 F.3d 303 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United Broth. of Carpenters & Joiners of Am. v. Bldg & Const. Trades Dept.*,
2012 WL 6026494 (E.D. Wash. Dec. 4, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. McFall*,
558 F.3d 951 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Rogers*,
321 F.3d 1226 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Winslow*,
962 F.2d 845 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vaca v. Sipes*,
386 U.S. 171 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

*Walters v. McMahen*,
684 F.3d 435 (3d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Williams v. Pacific Maritime Ass'n,*
421 F.2d 1287 (9th Cir. 1970).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**Statutes**                                                          **Page No.**

Cal. Code Civ. Pro §335.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Labor Code §221.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25, 26

Cal. Labor Code §2802.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25, 26

Federal Rules of Civil Procedure 8(a)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 8(d).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 9(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.C. §502(a)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. §664.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

18 U.S.C. §1341.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §1343.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §1862(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

18 U.S.C. §1862(d).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. §1864(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

18 U.S.C. §1951(b)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. §1952.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. §1952(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. §1957.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

18 U.S.C. §1961(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. §1961(5).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. §1962(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

29 U.S.C. §141.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

29 U.S.C. §185(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

29 U.S.C. §411(a)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

29 U.S.C. §431(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

29 U.S.C. §504. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

29 U.S.C. 1002(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29 U.S.C. §1132(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

x

**INTRODUCTION**

After one year and three previous attempts to adequately plead their claims, Plaintiffs' Third Amended Complaint ("TAC") persists in failing to state claims for which relief may be granted. Notwithstanding the verbal exorbitance of the TAC, Plaintiffs' claims for violations of RICO, the LMRDA, ERISA, for common law breach of fiduciary duty, California Labor Code violations, negligence and negligent supervision, violations of the California Unfair Competition Law, and for aiding and abetting all remain factually deficient and legally incognizable. As any subsequent attempts to cure the deficiencies discussed herein would be futile, Defendants accordingly move to dismiss these claims for relief with prejudice.

**LEGAL STANDARD**

A complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory legal statements are not accepted as true, and "naked assertions devoid of further factual enhancement" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint must be dismissed. *Id.* at 679.

**ARGUMENT**

Federal Rules of Civil Procedure 8(a)(1) and 8(d) require that Plaintiffs set forth a "short and plain statement" of their claim for relief against each defendant. The pleading must be "simple, concise and direct." Plaintiffs must plead more than just labels and conclusions, but instead must set forth factual allegations that raise a plausible right to relief against each defendant. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 679. The allegations must provide each defendant with "fair notice of a legally cognizable claim and the grounds on which it rests." *Twombly*, 550 U.S. at 555.

Conversely, in its fourth iteration, the TAC comprises "quintessential

'shotgun' pleadings," and "rambling recitations" of inflammatory allegations that are immaterial to any of the causes of action asserted. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991) (abrogated on other grounds). Without allegations of the conduct engaged in by each Moving Defendant, the pleading of their claims is not sufficient under *Twombly.* This is especially true in relation to claims that involve allegations of fraud, such as the claims under RICO and the aiding and abetting claim, which require a heightened standard of pleading and specific factual allegations as to each Moving Defendant. Fed. R. Civ. P. 9(b); *Lancaster Cmty. Hosp. v. Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1999).

# I. PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED

Plaintiffs assert two claims for relief under RICO, alleging violation of §1962(c) [prohibiting conduct of an enterprise through racketeering] and §1962(d) [conspiracy to violate subsection (c)] against Moving Defendants William Waggoner ("WWaggoner"), Patricia Waggoner ("PWaggoner"), Sikorski, Adams, Hawn, Davison, and Tolbert only. These claims, which comprise Plaintiffs' first and second claims for relief, should be dismissed in their entirety.

## A. Plaintiffs Lack RICO Standing

Both RICO claims fail for lack of standing. RICO provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of" the RICO statute. 18 U.S.C. §1964(c). To establish standing to sue under §1964(c), a private plaintiff must adequately allege that he or she has suffered an injury constituting "harm to a specific business or property interest" that is a "concrete financial loss." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972, 975 (9th Cir. 2008) (internal quotation marks omitted); *Diaz v. Gates*, 420 F.3d 897, 898-900 (9th Cir. 2005). Indeed, "a cause of action does not accrue under RICO until the amount of damages becomes clear and definite" (*Evans v. City of Chicago*, 434 F.3d 916, 932 (7th Cir. 2006) (internal quotation marks omitted)), and this Court has held that a RICO plaintiff must "show concrete

financial loss by documenting the amount of damages." *Aguilar v. Mega Lighting, Inc.*, 2009 WL 940941, at \*4 (C.D. Cal. Apr. 6, 2009).  Plaintiffs do not expressly identify *any* injuries conferring standing to bring the RICO claims.  Although many allegations allude to potential injuries or speculative harm to non-parties, none establishes concrete financial harm to specific business or property interests *of the named Plaintiffs*, as § 1964(c) requires.  *See In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2007 WL 486367 at \*3 n.4 (N.D. Cal. Feb. 12, 2007).

Plaintiffs' extensive reliance on alleged harms to Local 12 or its associated ERISA plan Funds[2] does not confer RICO standing to the named Plaintiffs (*see, e.g.*, TAC ¶¶ 89, 91, 93, 118, 119, 123, 133, 148, 154, 166, 173, 184, 187, 188, 200, 242, 246), as these allegations do not plausibly establish that any named Plaintiff suffered the required concrete financial loss to "*his* business or property."[3] 18 U.S.C. §1964(c) (emphasis added); *see also Adams-Lundy v. Ass'n of Prof'l Flight Attendants*, 844 F.2d 245, 250 (5th Cir. 1988) (union members lacked RICO standing where "[a]ny financial improprieties occurred with union funds and directly injured solely the union"); *United Bhd. of Carpenters & Joiners of Am. v.*

---

[2]  Plaintiffs' allegations highlight an additional, independent ground for dismissal of the RICO claims.  In the latest version of their Complaint, Plaintiffs have moved to a "kitchen sink" approach in defining the RICO enterprise as including some combination of Local 12 individually, "Local 12 and its associated funds, collectively," each trust fund operated by OETT, and/or all of the aforementioned entities collectively.  TAC ¶¶ 261-265.  However, an entity cannot be both the "victim" and the "enterprise" in RICO claims brought under section 1962(c).  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 258-59 (1994).

[3]  For the same reason, general allegations suggesting harm to unnamed union members (*e.g.*, TAC ¶¶ 125, 134, 135, 164, 211, 237, 242) or Plan beneficiaries (*e.g.*, TAC ¶¶ 166, 184, 237) cannot confer the requisite standing to each individual named Plaintiff.  *See, e.g., Lewis v. Casey*, 518 U.S. 343, 347 (1996); *In re Schering Plough Corp.*, 678 F.3d 235, 254, 247 (3d Cir. 2012).  Nor can allegations of injuries incurred by named individuals who are not party to this suit (*e.g.*, TAC ¶¶ 205, 206, 209, 235).

*Bldg. & Const. Trades Dept.*, 2012 WL 6026494, at *4 (E.D. Wash. Dec. 4, 2012) (injury to property used insufficient to establish RICO standing where property did not belong to them).

The alleged injuries are also fatally speculative. *See Steele v. Hosp. Corp. Of Am.*, 36 F.3d 69, 70-71 (9th Cir. 1994) (plaintiff's alleged injury of depleted insurance benefits insufficient to confer  RICO standing where depletion had yet to cause plaintiff additional expense directly attributable to RICO act).  Plaintiffs allege, for example, that purported losses to the Local 12 funds resulted in injuries such as depletions in benefits or increases in employee contributions (*see, e.g.*, TAC ¶¶ 118, 154, 173, 181) but fail to allege any facts to show that these purported plan losses have resulted in Plaintiffs having suffered a resulting financial injury.

Moreover, even if each Plaintiff were able to identify a non-speculative injury to his own business or property in connection with the alleged racketeering activity, any such harm would merely be derivative of the direct injuries to Local 12 and the ERISA plans.  Derivative or "passed-on" injuries do not establish RICO standing. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168-69 (9th Cir. 2002); *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640-41 (9th Cir. 1988) (corporation's sole shareholders and guarantors lacked RICO standing because their injuries derived from the direct injury to the corporation).  Thus, where, as alleged here, a RICO violation causes loss directly to a benefit fund, courts have dismissed claims by beneficiaries who suffer injury only as a result of the fund's loss. *See, e.g.*, *Bona v. Barasch*, 2003 WL 1395932, at *24-29 (S.D.N.Y. Mar. 20, 2003); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 737 F. Supp. 792, 798 (S.D.N.Y. 1990) (*rev'd in part on other grounds*, 974 F.2d 270 (2d Cir. 1992).

Though not identified in their claims for RICO relief, the only allegations arguably suggesting that *any* named Plaintiff has suffered a concrete financial injury refer to purportedly mandatory contributions to IUOE's Political Action Fund and to a Local 12 "slush fund" allegedly benefitting WWaggoner. *See, e.g.*,

NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT

TAC ¶¶ 67-70, 74-76.  However, neither "injury" can save Plaintiffs' RICO claims. Plaintiffs' allegations concerning long-standing forced contributions to IUOE's Political Action Fund are distinct from the Moving Defendants and Local 12 "enterprises" named in the RICO claims.  *Id.* ¶¶ 67-71, 259-266.  Nor can Plaintiffs' allegations of forced contributions to a Local 12 slush fund constitute predicate acts, as any claim based upon these allegations is barred by RICO's four-year statute of limitations.  *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).  The "extortion" and Plaintiff's injury date back to 1999.  TAC ¶¶ 74-75.[4]

RICO standing is further contingent upon allegations showing that the named Plaintiff's asserted injury was *proximately caused* by the alleged RICO violation, meaning that there must be a "direct relationship" between the injury and the racketeering activities alleged.  *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9, 130 S. Ct. 983, 989 (2010).  Plaintiffs' RICO allegations fail to set forth facts sufficient to show that Moving Defendants' purported engagement in racketeering activities proximately caused any cognizable injury to the named Plaintiffs.

Faced with these critical deficiencies, Plaintiffs' RICO claim for relief includes repeated conclusory allegations that Plaintiffs and others were "directly harmed" by Defendants' acts or "fraudulent schemes."  But the Supreme Court has rejected exactly such allegations as mere assertions of a legal conclusion *about* proximate cause, and thus an inadequate attempt to show RICO standing.  *See id.*, at 991-92.  Because the only compensable injury arising from violation of § 1962(c) is the concrete financial harm to a plaintiff's business or property caused by the defendant's conduct of at least two (2) sufficiently-related predicate acts (*see Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453, 457 (2006)), a private

---

[4] Notably, this is one of the few allegations in the TAC for which Plaintiffs state even approximate dates of the conduct alleged, making it impossible for Defendants or the Court to evaluate whether Plaintiffs' claims fall within the statute of limitations, or the temporal relationship between the acts alleged.

plaintiff must establish RICO standing by alleging facts sufficient to show the requisite proximate cause relationship between his injury and the predicate acts alleged in support of the RICO claim. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S 258, 268 (1992); see also *Walters v. McMahen*, 684 F.3d 435, 440, 443-45 (3d Cir. 2012) (dismissal of RICO claim where plaintiffs' allegations showed predicate act was "one step in the chain of events" resulting in the asserted injury, but not the direct cause). Plaintiffs fail to show any plausible proximate cause relationship between the alleged RICO predicate acts and a concrete injury to a named Plaintiff.

**B.     Plaintiffs Fail To Plausibly Allege the Requisite Pattern of Racketeering Activity by Moving Defendants**

The Court need go no further than standing to dismiss the RICO claims. But even if Plaintiffs had RICO standing, they do not establish that Moving Defendants acted "*through a pattern of racketeering activity*." 18 U.S.C. § 1962(c) (emphasis added). "Racketeering activity" is defined within the statute as limited to acts indictable under specified federal and state laws. 18 U.S.C. § 1961(1). Accordingly, only a showing of specific violations of one or more of the enumerated provisions may qualify as "predicate acts" forming the basis of a RICO claim; generalized allegations of other purported wrongdoing–however pervasive–do not give rise to a claim under RICO.

**1.     Plaintiffs fail to adequately allege *any* predicate acts to support their RICO claims.**

Plaintiffs purport to base their RICO claims on the following racketeering activity: (1) Extortion in violation of the Hobbs Act (¶¶ 269, 287); (2) Mail and wire fraud (¶¶ 270, 272, 287); (3) Threats of physical assault under 18 U.S.C. § 1961(1)(A) (¶¶ 271, 287); (4) Monetary transactions and money laundering in violation of 18 U.S.C. § 1957 (¶¶ 273, 287); (5)Violation of the Travel Act (¶¶ 274, 287); (6) Embezzlement in violation of 18 U.S.C. § 664 (¶¶ 275, 287).

To state cognizable claims for relief against any Moving Defendant,

Plaintiffs must plead facts satisfying each element of the RICO violation, *and* set forth sufficient factual allegations to establish the elements of each purported illegal act Plaintiffs advance as an underlying "predicate act" in support of their RICO claims.  *See Walters*, 684 F.3d at 439-40; *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) ("redundant narrative of allegations and conclusions of law" insufficient to show facts supporting each underlying predicate act in support of RICO).  Plaintiffs have not done so.[5]  *See Iqbal*, 556 U.S. at 686-87; *Twombly*, 550 U.S. at 555-57.

### a)    Mail and Wire Fraud

To establish a predicate act of mail or wire fraud, Plaintiffs must show "(1) formation [by Defendants] of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010).  RICO claims involving fraud are subject to the heightened pleading requirement of Rule 9(b).  *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1088 (C.D. Cal. 2011).  Plaintiffs must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Sanford*, 625 F.3d at 558 (internal quotation marks omitted).

---

[5]  Plaintiffs introduce their claims for relief under RICO with the statement that "Plaintiffs re-allege, and incorporate by reference, each and every paragraph herein."  TAC ¶¶ 259, 279.  Though Moving Defendants herein address those of Plaintiffs' earlier allegations which appear to relate to Plaintiffs' RICO claims, Plaintiffs cannot state a RICO claim without expressly identifying which acts are alleged as predicate acts against each Defendant.  *See, e.g.*, *Izenberg v. ETS Servs, LLC*, 589 F. Supp. 2d 1193, 1203-04 (C.D. Cal. 2008) (incorporation of preceding allegations in the complaint insufficient RICO pleading); *Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008).  Further, Moving Defendants must be properly put on notice of the basis of the claims asserted against them, which is not accomplished by simply referring Defendants to hundreds of paragraphs of narrative allegations untethered to any particular claim for relief or asserted predicate act.  *See Twombly*, 550 U.S. at 555, 564-65.

Plaintiffs' Third Amended Complaint does not show that Moving Defendants "devised . . . any scheme or artifice to defraud." 18 U.S.C. §§1341, 1343. This element requires plausible allegations of a scheme "to obtain money or property from the one who is deceived by means of false or fraudulent pretenses, representations, or promises." *Monterey Plaza Hotel Ltd. P'ship v. Local 483*, 215 F.3d 923, 926 (9th Cir. 2000) (internal quotation marks and alteration omitted). Plaintiffs merely rely on the vague allegation that "Defendants" collectively engaged in a "scheme to defraud the Local 12 Enterprises out of revenues, cost savings, and membership" for the purpose of the "unlawful enrichment of Defendants." TAC ¶ 266.

Plaintiffs' allegations of mail and wire fraud are based upon alleged fraudulent newsletter mailings and online postings "indicating that Local 12's funds were in sound financial condition," alleged mailings relating to transfers of heavy equipment between funds, and the alleged acceptance via wire of fraudulently obtained kickbacks from employers. TAC ¶¶ 270, 272. But Plaintiffs do not identify any specific mailing or wire communication, when and to whom such a mailing was sent, or its specific fraudulent content, as Rule 9(b) requires. *Sanford*, 625 F.3d at 558. Rather, Plaintiffs frame their allegations in generalities, claiming summarily that "Defendants" engaged in unlawful use of the mail and wire communications "on numerous occasions," "[b]eginning at least as early as 2000 and continuing to the present." TAC ¶¶ 270, 272.

Nor do Plaintiffs identify what money or property each Moving Defendant obtained from the victims of the acts alleged. *See Cleveland v. U.S.*, 531 U.S. 12 (2000) (as mail and wire fraud statutes protect victim's individual property rights, object of the fraud must be tangible property in the hands of the victim). Plaintiffs do not state what qualifying "property" was to be obtained by Defendants through the mailing of "newsletters sent to members" or the alleged posting of unspecified "false online information." Nor do they identify who either the perpetrators or the

NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT

victims of these purported fraudulent acts are.  Plaintiffs' allegation that Defendants "accepted via wire" "fraudulently obtained kickbacks  payments from employers" is suggestive of some monetary or property interest, but is likewise pled without any supporting factual allegations.  *See* TAC ¶ 272(b).  The contention that wires were utilized to "receive kickbacks," without more, does not reasonably raise an inference that the property at issue was obtained through fraudulent means, even if otherwise illegal conduct was involved.

### b)    *Hobbs Act Extortion*

The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. §1951(b)(2).  In *Scheidler v. Nat'l Org. for Women, Inc.*, the Supreme Court held that this provision requires "not only the deprivation but also the acquisition of property."  537 U.S. 393, 404 (2003).  That is, under *Scheidler*, "the Hobbs Act's obtaining element requires a showing that a defendant received 'something of value' from the victim of the alleged extortion, and that the 'thing of value' can be exercised, transferred or sold."  *U.S. v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009).  Coercion – that is, "merely interfering with or depriving someone of property" or "restrict[ing] another's freedom of action" – is insufficient.  *Scheidler*, 537 U.S. at 405.

Plaintiffs allege that "Defendants"–again, collectively–extorted "property and rights secured under the LMRDA and other laws" by preventing members from speaking out against Local 12 leadership and by controlling Local 12's ability to "investigate asset diversions" by using threats of economic and physical harm.[6] TAC ¶¶ 267-69.  Even taken as true, these allegations do not constitute extortion.

---

[6] Plaintiffs do not identify any particular economic or physical threat giving rise to a Hobbs Act violation in their claim for relief, and presumably intend to incorporate vague allegations of threats to non-parties or unnamed members elsewhere in the TAC.  In any case, no such allegation is sufficient to support the purported violations of the Hobbs Act.  *See, e.g.*, TAC  ¶¶ 205-209.

9

1   Plaintiffs do not allege that Defendants obtained or pursued "something of value

2   from the victim that can be exercised, transferred, or sold." *Sekhar v. U.S.*, 133

3   S.Ct. 2720, 2726 (2013).  At most, the alleged conduct amounts to merely coercive

4   conduct to "dictate and restrict the actions and decisions" of Local 12 members, as

5   Plaintiffs allege it was done to prevent Local 12 from investigating asset diversions

6   or gain "some speculative benefit," not to obtain a transferrable asset from

7   Plaintiffs.  *See Scheidler*, 537 U.S. at 409; *McFall*, 558 F.3d at 956.

8                          *c)*      ***Unlawful Monetary Transactions***

9           To establish a predicate act of money laundering or unlawful monetary

10  transactions under 18 U.S.C. § 1957, a plaintiff must show "(1) the defendant

11  knowingly engaged in a monetary transaction; (2) he knew the transaction involved

12  criminal property; (3) the property's value exceeded $10,000; and (4) the property

13  was derived from a specified unlawful activity."  *U.S. v. Rogers*, 321 F.3d 1226,

14  1229 (9th Cir. 2003).  Plaintiffs claim that "Defendants" violated 18 U.S.C. § 1957

15  by engaging in money transfers when WWaggoner and his "co-conspirators"

16  accepted payments from employers, accepted payment for real estate belonging to

17  Local 12, and deposited funds with Amalgamated Bank that were diverted from

18  Local 12.  TAC ¶ 273.  None of this conduct is connected to any specific Moving

19  Defendant other than WWaggoner, whose alleged actions are stated in conclusory

20  terms devoid of substantive supporting factual allegations.  *See, e.g.*, TAC ¶ 274.

21  There are no factual allegations showing why alleged conduct, such as the

22  placement of funds with Amalgamated Bank, constitutes a violation of § 1957 and

23  an illegal predicate act under RICO.  Nor do Plaintiffs show how the purported

24  unlawful transfers proximately caused a direct injury to a named Plaintiff.  Again,

25  Plaintiffs' allegations are conclusory and utterly unsupported by the required

26  factual enhancement. *Iqbal*, 556 U.S. at 678.

27                          *d)*      ***Embezzlement***

28          Plaintiffs' allegation of embezzlement as a predicate act falls short of even a

1   bare recitation of elements, and instead merely states that "Defendants" embezzled
2   "assets" from union welfare and benefit funds "on numerous occasions" since at
3   least 2000, in violation of 18 U.S.C. § 664.  *See* TAC ¶ 275.  Plaintiffs' failure to
4   allege even rudimentary facts as to which Defendants, assets, and funds Plaintiffs
5   contend are at issue is plainly insufficient to show a RICO predicate act.

6                          *e)*        ***Travel Act Violations***

7          Plaintiffs further allege violations of the Travel Act, 18 U.S.C. § 1952,
8   through "interaction with facilities of interstate commerce in connection with the
9   described schemes and artifices to defraud."  TAC ¶¶ 274.  Plaintiffs' allegation is
10  nothing more than a bare recitation of elements, without any factual support or
11  reference to specific instances of travel purported to form the basis of Plaintiffs'
12  claim.  *See Twombly*, 550 U.S. at 557.

13         For interstate travel to violate the Travel Act, a defendant must travel with
14  the intent to "promote, manage, establish, carry on, or facilitate" specified unlawful
15  activities and commit a subsequent overt act in furtherance of those activities. 18
16  U.S.C. § 1952(a); *U.S. v. Winslow*, 962 F.2d 845, 852 (9th Cir. 1992).  While
17  multiple references to traveling appear elsewhere in the Third Amended Complaint
18  (*e.g.*, TAC ¶¶ 102-122),  Plaintiffs' claim does not identify what instances of travel,
19  if any, violate the Travel Act and form the basis of their RICO claims, nor what
20  unlawful activities were undertaken as part of this travel, by whom, or any example
21  of such travel proximately causing a cognizable injury to a named Plaintiff.

22         **2.       The TAC contains no factual RICO allegations as to certain**
23                    **Defendants.**

24         RICO requires a showing of two or more predicate acts *by each particular*
25  *defendant* that amount to a pattern of racketeering activity.  *Blake v. Dierdorff*, 856
26  F.2d 1365, 137-72 (9th Cir. 1988) (dismissing claim against defendants alleged to
27  have committed only one predicate act).  Plaintiffs asserting a RICO claim cannot
28  "merely lump multiple defendants together," but instead must "differentiate their

allegations when suing more than one defendant." *Swartz v. KPMG LLP*, 476 F.3d
756, 765 (9th Cir. 2007).

Here, Plaintiffs assert RICO claims against seven (7) individual Moving
Defendants, and collectively allege liability stemming from Defendants'
"overarching scheme to defraud the LOCAL 12 ENTERPRISES out of revenues,
cost savings, and membership" in furtherance of their own "over-arching goal of
fraudulent and unlawful enrichment." TAC ¶¶ 266, 269-70, 273-77. Plaintiffs are
thus required to set forth the role of each Defendant in the purported "overarching
scheme to defraud" and "inform each defendant separately of the allegations
surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 765.

In *Swartz,* the plaintiff had pled specific allegations against only two of the
defendants. The court held that general allegations that "defendants" engaged in
fraudulent conduct and conclusory allegations that other defendants knew the
fraudulent conduct was occurring or were acting as the agents or in concert with
the other defendants, without any factual basis for these conclusions, was not
sufficient to meet minimum pleading requirements. *Id.*

The deficiencies of Plaintiffs' RICO claims for relief here are even more
egregious, failing to plead *any* facts as to the specific acts of any charged Moving
Defendant except WWaggoner, who is identified individually in conclusory
allegations concerning a predicate act of unlawful monetary transactions (*see* TAC
¶ 273). The remainder of the RICO allegations merely refer to "Defendants"
collectively, failing to plausibly connect any of the Moving Defendants to *any*
racketeering activities, let alone facts showing a pattern of racketeering or each
Defendant's role in the purported overarching scheme of fraud.

Indeed, Plaintiffs often refer to the Moving Defendants collectively
throughout the Third Amended Complaint (*see, e.g.*, TAC ¶¶ 124, 130, 164, 169,
172, 189, 226), with scant substantive references to the acts of any Moving
Defendant other than WWaggoner, whom Plaintiffs insert into a multitude of

conclusory and facially implausible allegations, untethered to Plaintiffs' RICO claims and unsupported by facts that would support the plausibility of their theories of recovery. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013). Plaintiffs' superficial allegations, unsupported by requisite factual predicate, are insufficient to establish a plausible pattern of racketeering activities. *See Iqbal*, 556 U.S. at 678 ("naked assertions devoid of further factual enhancement" insufficient) (internal quotation marks and alteration omitted). Plaintiffs further fail to allege with specificity the manner in which each Moving Defendant utilized racketeering activity in personally conducting the specified RICO enterprise.[7]

### 3.   Plaintiffs' allegations fail to establish a requisite "pattern."

To establish a pattern of racketeering activity, a RICO plaintiff "cannot simply allege general acts of wrongdoing without expressly identifying which acts constitute 'predicate acts' for his RICO claim." *Pineda v. Saxon Mortg. Servs, Inc.*, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008); *Izenberg*, 589 F. Supp. 2d at 1203-04. Likewise, a "lengthy description of many different asserted acts of wrongdoing by various Defendants," without more, is insufficient. *Graf*, 2008 WL 4189657, at *6. The RICO claims asserted against Defendants require factual allegations showing that each Defendant engaged in a pattern of racketeering activity, including at least two (2) predicate acts by *each* Defendant in furtherance

---

[7] Plaintiffs fail to explain the relationship between the "Local 12 Enterprise(s)" as defined and each charged Defendant's role in the enterprise. In fact, Plaintiffs allegations specifically show that Patricia Waggoner *cannot* be held liable for Plaintiffs' RICO claims. *See* TAC ¶ 190 (alleging that PWaggoner could not have been authorized user of vehicle because not an employee of Local 12 or any associated entity). These allegations belie any collective assertion that PWaggoner personally had a role "in the operation or management of the enterprise itself," underscoring an additional, independent ground for dismissal of both RICO claims as to Defendant PWaggoner. 18 U.S.C. § 1962(c); *see also, Reeves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

**NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT**

1   of the enterprise that are sufficiently related and suggest continuity.  18 U.S.C. §

2   1961(5); *HJ Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-40 (1989).

3        Plaintiffs' RICO allegations are patently insufficient to establish the requisite

4   pattern of related predicate acts on behalf of each Moving Defendant.  Plaintiffs,

5   failing to name any particular Defendant in the commission of each alleged

6   predicate act, attempt to link together a laundry list of purportedly wrongful

7   conduct–taking place over more than a decade–merely through perfunctory

8   assertions that all acts were in furtherance of "an overarching scheme to defraud

9   the LOCAL 12 ENTERPRISES" and unlawfully enrich Defendants.  *See* TAC ¶¶

10  266, 269-270, 272-276.

11       RICO's "pattern" requirement ensures that the mere number of racketeering

12  activities is not the determinative factor for liability, as the relationship between the

13  activities alleged is critical.  A minimum of two predicate acts are necessary, but

14  not necessarily sufficient; even a plaintiff adequately alleging a multitude of

15  racketeering activities must still establish the requisite relationship or common

16  purpose among each discrete act.  *Id.* at 237-38.  "[T]he mere fact that there are a

17  number of predicates is no guarantee that they fall into any arrangement or order."

18  *Id.* at 238.  Rather than allege facts demonstrating such a relationship, Plaintiffs

19  rely on a bald assertion that all purported predicate acts are related to one another

20  by common participants, victims, methods of commission, purpose and result.

21  TAC ¶ 276.  Yet, Plaintiffs fail to allege the minimal facts necessary to plausibly

22  suggest that the predicate acts alleged are actually related to one another by virtue

23  of any of these asserted commonalities.

24       ## C.    Plaintiffs' RICO Conspiracy Claim Cannot Survive

25       Based on the foregoing, Plaintiffs' RICO conspiracy claim fails without

26  further analysis.  *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)

27  ("failure to adequately plead a substantive violation of RICO precludes a claim for

28  conspiracy").  Moreover, Plaintiffs second RICO claim fails on the independent

ground that Plaintiffs do not sufficiently plead a conspiracy, which requires "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Id.* Further, "RICO conspiracy requires the assent of each defendant who is charged," *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (internal quotation marks omitted), and each defendant "must also have been aware of the essential nature and scope of the enterprise and intended to participate in it." *Howard*, 208 F.3d at 751.

Here, Plaintiffs' superficial allegations "provide no basis to infer assent to contribute to a common enterprise." *Baumer*, 8 F.3d at 1347. There are no factual allegations plausibly suggesting that the Moving Defendants actually entered into an agreement to violate RICO or to commit two predicate acts (*see Twombly*, 550 U.S. at 556-57 (allegations "merely consistent with" an agreement will not suffice)), nor substantive allegations showing that any named Plaintiff suffered a covered injury as a direct result of such a conspiracy.

## II.   PLAINTIFFS' LMRDA CLAIM SHOULD BE DISMISSED

Plaintiffs have not pled the essential elements of a claim for violation of Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"), and their claim is further barred by the statute of limitations. Nor have Plaintiffs alleged the procedural prerequisites for bringing a claim under Title II.

### A.   Plaintiffs Lack Standing as They Have Not Alleged an Infringement of Their Rights Under Title I

Plaintiffs assert claims under Sections 101(a)(1) and (2) of Title I of the LMRDA, 29 U.S.C. § 411(a)(1) and (2). Sections 101(a)(1) and (2) guarantee to every union member equal rights to attend membership meetings, to vote upon the business of such meetings, and rights of free speech and assembly. *Finnegan v. Leu*, 456 U.S. 431 (1982). In apparent support of their claim, Plaintiffs allege that Defendant WWaggoner caused member David Casey to be assaulted because Casey "attempted to speak up at a meeting," directed "one of his enforcers" to

prevent anyone who opposed him from speaking at a general membership meeting
in or about 2007, and that at one meeting Casey was prevented from speaking
about the purchase of a Cessna jet.  TAC ¶¶ 205-206.  Finally, Plaintiffs allege that
in September 2012, WWaggoner threatened Rodney Karr concerning a letter that
Karr had sent WWaggoner "raising issues."  TAC ¶ 207.

Members of a union only have standing to assert a violation of their own
rights under the LMRDA, not the rights of others.  *Mamula v. United Steelworkers
of Am.*, 304 F.2d 108, 113 (3d Cir. 1962); *McGowan v. Maryland*, 366 U.S. 420
(1961) (individual lacks standing to litigate rights of another); *Teamsters Joint
Council No. 42 v. Int'l Bhd. of Teamsters, AFL-CIO*, 82 F.3d 303, 306 (9th Cir.
1996) (individual plaintiffs lacked standing where they did not demonstrate that
their status as union members was affected by alleged LMRDA violations, as they
were still presidents of their joint councils and had not suffered any loss of
membership rights).  Plaintiffs have not alleged that any of them were prevented
from exercising their own Title I rights.  Instead, they allege that WWaggoner
infringed on the Title I rights of other members of Local 12.

**B.    The Title I Claim Is Barred By The Statute Of Limitations**

The statute of limitations for a Section 101(a)(2) claim for interfering with
members' right to free speech is governed by the state personal injury statute of
limitations.  *Reed v. United Transp. Union*, 488 U.S. 319, 333 (1989).  California's
personal injury statute of limitations is two years.  Cal. Code Civ. Proc. § 335.1.
To the extent that the alleged events occurred in 2005 and 2007 (TAC ¶ 205-206),
or at any time prior to December 2010–two years prior to the filing of Plaintiffs'
Complaint–the Title I claim is barred by the statute of limitations.

**C.    Plaintiffs Have Not Satisfied the Prerequisites For a Title II Claim**

Pursuant to Section 201(b), Local 12 must file an annual financial report
with the Secretary of Labor known as an LM-2 report.  29 U.S.C.§ 431(b).  Section
201(c) imposes an obligation on a union to make available to its members the

1  information contained in its LM-2 report and to permit a member "for just cause to

2  examine any books, records, and accounts necessary to verify such report."

3  *Flaherty v. Warehousemen, Garage and Serv. Station Employees Union*, 574 F.2d

4  484, 486 (9th Cir. 1978).

5      "Advance notice [to the union] is a procedural step in enforcing the

6  members' rights, designed to facilitate the recognition of the right without resort to

7  the judicial process." *Fruit & Vegetable Packers & Warehousemen Local 760 v.*

8  *Morley*, 378 F.2d 738, 743 (9th Cir. 1967).  Yet, Plaintiffs have not alleged that

9  they made the required demand on Local 12 or its officers.  Further, Plaintiffs'

10 reasons for examining the financial records of Local 12 must be related to the LM-

11 2 reports and they must have just cause to do so.  *Id.* at 742, 744.  Plaintiffs have

12 likewise failed to allege facts showing the reasons and just cause for an inspection.

13 **III.   PLAINTIFFS' ERISA CLAIM SHOULD BE DISMISSED**

14      The fourth claim for relief alleges a violation of ERISA by Trustees of the

15 various Local 12 trust funds, and others who are not Trustees.  This claim should

16 be dismissed because Plaintiffs have not sufficiently alleged that they are current

17 participants in or beneficiaries of these Trust Funds, such that they have standing to

18 assert the claims, nor that each and every Moving Defendant has violated ERISA.

19      **A.     Plaintiffs Do Not Have Standing to Bring their ERISA Claim**

20      Plaintiffs must be a participant or beneficiary to bring an action against a

21 fiduciary for violation of Section 409.  *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S.

22 134, 139-140 (1985); U.S.C. § 502(a)(3).  A participant includes a former

23 employee who has a colorable claim to vested benefits.  *Firestone Tire and Rubber*

24 *Co. v. Bruch*, 489 U.S. 101, 117 (1989).  A beneficiary is a participant or a person

25 designed by an employee benefit plan to become entitled to benefits.  29 U.S.C.

26 1002(8); *Harper v. Am. Chambers Life Ins. Co*., 898 F.2d 1432 (9th Cir. 1990).

27      Plaintiffs allege that they are members of Local 12 and either a former

28 employee of Local 12, as in the case of Plaintiff Salas, or former employees of the

OETT.  TAC ¶¶ 7-10.  Plaintiffs do not allege that they were in covered employment or provide factual allegations showing they are participants in any of the involved Trust Funds.  *See Raymond v. Mobil Oil*, 983 F.2d 1528, 1534-35 (10th Cir. 1993) (ERISA standing must be determined as of the time of the suit, not the time of the alleged ERISA violations).  Instead, they allege, in the most conclusionary terms, that they were participants and/or beneficiaries in the Local 12 Pension Fund, the Health & Welfare Fund, and the OETT, "among others."  TAC ¶ 309.

### B.   Patricia M. Waggoner And Kenneth D. Waggoner Are Not Trust Fund Fiduciaries But Rather Relatives of William C. Waggoner

Defendant Patricia M. Waggoner is the wife of Local 12 Business Manager WWaggoner and the Senior Vice President of Amalgamated Bank.  TAC ¶ 30.  Kenneth D. Waggoner ("KWaggoner") is the son of Patricia and William Waggoner, and Vice President, Client Services of McMorgan & Company LLC.  TAC ¶ 48.  Neither PWaggoner nor her son, KWaggoner, are alleged to be Trustees of any of the Local 12 Trust Funds.

### 1.   Patricia M. Waggoner

A complaint may fail to show a right to relief by lacking sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The fourth claim does not support an ERISA violation by PWaggoner.  She is only alleged to be the wife of a Trustee, not a Trustee or fiduciary herself.  Claims under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), may only be maintained against fiduciaries.  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252-53 (1990).

Nor do the allegations against PWaggoner constitute a breach of fiduciary duties.  The allegations principally concern her use of assets of Local 12.  TAC ¶¶ 115, 119, 124, 190.  Other allegations concern her status as a former officer of a contractor that purportedly provided substandard construction work for the Pension

Trust, and alleged use of her status as Defendant WWaggoner's wife to obtain business for her current employer, Amalgamated Bank, or for her son.  TAC ¶¶ 139-144, 163.  There is no ostensible ERISA claim against PWaggoner.

### 2.   Kenneth D. Waggoner

Like his mother, KWaggoner is not a Trustee of the Trust Funds.  The allegations against KWaggoner concern the use of Local 12 assets.  TAC ¶¶ 122, 124, 163.  Plaintiffs also allege that while KWaggoner was employed at Chelsea Management ("Chelsea"), Chelsea was awarded "the business of investing Local 12's Health & Welfare fund assets" and that after he left Chelsea his new employer, McMorgan, received the business.  TAC ¶¶ 161-62.  Finally, Plaintiffs allege that employees of the OETT replaced a washer and dryer at KWaggoner's rental property "on company time."  TAC ¶ 199.  These allegations do not amount to a violation of a fiduciary duty by KWaggoner.  No allegation shows that KWaggoner was a fiduciary of the Funds, that he mismanaged any Fund assets, or that the OETT was injured by his conduct.

### C.   Plaintiffs Fail to Show That the Local 12 Officers Violated ERISA

### 1.   Defendants Sikorski, Hawn, Davison, and Adams

Ron Sikorski is the Vice President of Local 12 (TAC ¶ 33); Dan Hawn is the Financial Secretary (TAC ¶ 35); Larry Davison is the Treasurer (TAC ¶ 36); and Mickey J. Adams is its President. (TAC ¶ 32).  They are all alleged to be Trustees of the Health & Welfare Trust Fund, Pension Trust Fund, and the OETT.  However, the only substantive factual allegations against Sikorski, Hawn, and Davison, and most of the allegations against Adams, relate to their relationship to Local 12 and not to any of the Trust Funds.[8]  Plaintiffs accuse these Moving Defendants of using

---

[8] Plaintiffs' only additional allegations in their Fourth Claim for Relief are conclusory allegations that refer to"Trustees for Local 12" Funds collectively and fail to allege any facts regarding the Defendants' actions or additional basis for the ERISA claims against these Moving Defendants, and thus are not addressed further herein.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79.

the Local 12 aircraft for personal use (TAC ¶ 124); being aware of, failing to stop, and concealing from members of Local 12 the misuse of the airplane for political purposes (TAC ¶ 130); being aware of, failing to stop, and concealing the misuse of Local 12 assets in the form of in-kind printing contributions (TAC ¶ 137); breaching their fiduciary duties to Local 12 when expenses of KWaggoner were charged to Local 12 (TAC ¶ 164); injuring Local 12 and its members by allowing union contractors to operate double-breasted (TAC ¶ 217); and breaching their fiduciary duties to Local 12 by paying a salary to Steve Montrie who is alleged to be employed by Local 12 in violation of 29 U.S.C. § 504 (TAC ¶ 221).  Finally, Plaintiffs allege that these Defendants believed that OETT employees would not discuss the alleged improprieties because they received reimbursement for fabricated receipts for travel expenses.  TAC ¶ 224.  The majority of the substantive allegations against Defendant Adams are also the same.  TAC ¶¶ 115, 119, 124, 130, 137, 164, 217, 221, and 224.

The officers can only be liable under section 409 of ERISA if they breached a fiduciary duty and the breach caused a loss to the Trust Funds.  *Friend v. Sanwa Bank Cal.*, 35 F.3d 466, 469 (9th Cir. 1994) ("ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach").  Except for the allegation in Paragraph 224, all of these allegations concern only a duty owed to Local 12 rather to the Trust Funds.  Even Paragraph 224 only alleges the officers' state of mind, not that they engaged in any wrong doing concerning the OETT.

### 2.    Defendant Mickey J. Adams

Only Paragraphs 98, 192, and 198 concern Adams' relationship to the Trusts Funds.  Employees of the OETT are alleged to have used parts purchased by OETT to repair Adams' boat.  TAC ¶ 98.  Plaintiffs do not allege the OETT employees performed this work during their working hours.  Plaintiffs also allege that "over the years" Adams repaired and/or restored personal vehicles using OETT funds and

staff and had annual landscaping projects performed at his home by "Trust staff, using Trust tools and assets."  TAC ¶¶ 192, 198.  Again, there is no allegation that OETT employees performed these projects during their working time.  Even if the work was done, Plaintiffs have not shown any cognizable loss to the OETT by using its tools or assets.

### 3.    Defendant Dan Billy

The allegations against Dan Billy concern only his status as a District Representative of Local 12.  TAC ¶¶ 34, 213-214.  Plaintiffs contend that Billy "manipulated Local 12's dispatch and job assignment program" (TAC ¶213) and "corrupted Local 12's job referral system."  TAC ¶ 214.  Billy is not alleged to have breached his fiduciary duty as a Trustee.  Consequently, Billy has no liability under ERISA and this claim should be dismissed against him.

## IV.    PLAINTIFFS' CLAIM FOR COMMON LAW BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED

The Fifth Claim should be dismissed as Plaintiffs have not pled sufficient factual allegations to support a claim for common law breach of fiduciary duty against each Moving Defendant, and do not have standing as they have not been injured by a breach of an alleged duty.  Moreover, the claim is, at best, tantamount to a claim for breach of the duty of fair representation for which individual officers of a union, such as Moving Defendants, cannot be liable.

### A.    Plaintiffs' Allegations are Insufficient to Support their Claims Against Moving Defendants or to Demonstrate  Standing

The Fifth Claim for Relief is unabashedly inserted as a "catch-all" for any of "the acts set forth above that are not related to employee benefit plans."  TAC ¶ 320.  A claim for breach of fiduciary duties "is not a catch-all . . . under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them."  *O'Hara v. Teamsters Union Local No. 856*, 151 F. 3d 1152, 1161 (9th Cir. 1998) (internal quotation marks omitted).

1      Plaintiffs' claim is a textbook example of "a formulaic recitation of the

2  elements of a cause of action" that is insufficient to state a claim for relief.

3  *Twombly*, 550 U.S. at 555.  Plaintiffs do not specify which fiduciary duties were

4  breached, do not state which specific Defendants or actions breached which duties,

5  and do not identify specific breaches each Moving Defendant is charged with or

6  how the Defendant's conduct or actions contributed to each purported breach.  *See*

7  TAC ¶¶ 317-321.  Instead, Plaintiffs again merely "incorporate by reference" all of

8  the hundreds of paragraphs in the TAC and state that the Defendants implicated are

9  all "IUOE executives and/or Local officers or executives."  TAC ¶¶ 316-317.

10      Nor is the bare allegation that "Plaintiffs' suffered damages as a proximate

11  cause thereof" sufficient on confer standing to the named Plaintiffs to pursue the

12  claim.  Plaintiffs have not asserted facts showing any cognizable injury caused by a

13  breach of a common law fiduciary duty owed by Moving Defendants.  These

14  deficiencies alone require dismissal of Plaintiffs' common law breach of fiduciary

15  duty claim.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

16      **B.**    **The Fifth Claim Is A Thinly Veiled Attempt to Assert A Breach of**

17            **the Duty of Fair Representation by Local 12 for Which Individual**

18            **Union Officials Cannot be Liable**

19      A union does not have a common law fiduciary duty independent from its

20  duty of fair representation.  *Hussey v. Operating Eng'rs Local Union No. 3*, 35 Cal.

21  App. 4th 1213, 1221 (1995) (union does not owe a fiduciary duty to its members

22  independent of the duty of fair representation.).  "For instance, no fiduciary

23  relationship was found to exist as between . . . (6) a trade union and a union

24  member (apart from the union's duty of fair representation) . . .." *Oakland Raiders*

25  *v. Nat'l Football League*, 131 Cal. App. 4th 621, 633 (2005).  A duty of fair

26  representation arises when a union that is the exclusive representative of employees

27  acts in a "discriminatory, dishonest, arbitrary, or perfunctory" fashion.  *DelCostello*

28  *v. Teamsters*, 462 U.S. 151, 164 (1983); *Vaca v. Sipes*, 386 U.S. 171 (1967).

**NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT**

1       Plaintiffs appear to rely on the duty of fair representation because they are all

2   members of Local 12.  TAC ¶¶ 7-10.  This attempt fails because Plaintiffs do not,

3   and cannot, allege that Local 12 represented them as their exclusive representative

4   and negotiated a collective bargaining agreement with their employers.  Instead,

5   Plaintiffs allege that "the employees of Local 12 are not covered by any collective

6   bargaining agreement."  TAC ¶¶ 238-239.

7       In any case, even if there were a basis for Plaintiffs to assert a duty of fair

8   representation claim, individual union officers, such as Moving Defendants, cannot

9   be held liable.  While section 301(a) permits suits against a union for breach of the

10   duty of fair representation, section 301(b) immunizes union officials from

11   individual liability.  29 U.S.C. § 185(b); *Williams v. Pac. Mar. Ass'n*, 421 F. 2d

12   1287 (9th Cir. 1970); *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238 (1960).

13   **V.   PLAINTIFFS' CLAIM FOR CALIFORNIA LABOR CODE**

14         **VIOLATIONS SHOULD BE DISMISSED**

15       Plaintiffs' Sixth Claim for Relief alleges violation of two California Labor

16   Code provisions, both of which can be asserted only against a plaintiff's employer,

17   and thus are inapplicable to any Moving Defendant.  Moreover, the claim is

18   preempted by the National Labor Relations Act because the conduct alleged

19   constitutes an unfair labor practice within the exclusive jurisdiction of the NLRB.

20       **A.   The Labor Code Provisions Apply Only To an "Employer"**

21       Both Labor Code sections 221 and 2802 impose a duty only upon an

22   employer, not an employer's officials or representatives.  California Labor Code

23   section 221 provides that "[i]t shall be unlawful for any employer to collect or

24   receive from an employee any part of wages theretofore paid by said employer to

25   said employee."  Section 221 was adopted to prevent the use of "kickbacks" to

26   make it appear that the employer is paying the promised wage, when in fact it is

27   not. *Kerr's Catering Serv. v. Dep't of Indus. Relations*, 57 Cal. 2d 319, 328

28   (1962).  Labor Code section 2802 also imposes a duty only on an employer.

1  *Carter v. Entercom Sacramento, LLC*, 2319 Cal. App.4th 337, 345 (2013).

2      The Moving Defendants named in this claim are individual officers of Local

3  12 and OEFI.  As Plaintiffs' own allegations confirm, none of the named Plaintiffs

4  was employed by a Moving Defendant.  Rather, Plaintiff Salas was an employee of

5  Local 12 and the other Plaintiffs were employed by the OETT.  TAC ¶¶ 7-10, 325.

6  Plaintiffs' asserted Labor Code violations thus may only be brought against Local

7  12 or the OETT, neither of which is a party to this lawsuit.  Consequently, the

8  Moving Defendants cannot be liable under the Sixth Claim for Relief.

9      **B.     The Labor Code Claims are Further Preempted by the NLRA**

10      Preemption provides an additional, independent ground for dismissal of

11  Plaintiffs' claim.  Plaintiffs allege that the officials of Local 12 required employees

12  of Local 12 and OEFI to pay membership dues to Local 12 despite the fact that

13  they are not covered by a collective bargaining agreement ("CBA") and these

14  officials failed to indemnify them for they payments.  TAC ¶¶ 325-326.  The

15  essence of the claim for relief is that Local 12, in its capacity as an *employer*, and

16  OEFI required their employees to pay dues to Local 12 without a CBA union

17  security provision and that this arrangement violated Labor Code §§ 221 and 2802.

18      This Sixth Claim for Relief is within the exclusive jurisdiction of the

19  National Labor Relations Board ("NLRB") and thus preempted by the National

20  Labor Relations Act ("the Act"), 29 U.S.C. § 141 *et seq*.  Section 8(a)(3) of the Act

21  makes it an unfair labor practice for an employer to require the payment of union

22  dues absent a union security provision in a CBA.  29 U.S.C. § 158(a)(3); *NLRB v.*

23  *Gen. Motors Corp.*, 373 U.S. 734 (1963); *Marquez v. Screen Actors Guild, Inc.*,

24  525 U.S. 33, 37 (1998).  This is exactly what Plaintiffs have alleged.  They assert

25  that they were forced to pay union dues in the absence of a CBA.  TAC ¶¶ 325-326.

26      Where there is a potential for conflict between the courts and the NLRB, the

27  NLRB has primary jurisdiction.  *Garner v. Teamsters, Chauffeurs and Helpers,*

28  *Local Union No. 776*, 346 U.S. 485, 490-91 (1953).  Thus, when an activity is

24

**NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT**

arguably an unfair labor practice under section 8 of the Act, the Court must defer to the exclusive jurisdiction of the NLRB.  *San Diego Bldg. & Constr. Trades Council v. Garmon*, 359 U.S. 236 (1959).  "The governing consideration is that to allow the State to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy."  *Id*. at 246; *Lumber Prod. Indus. Workers Local No. 1054 v. West Coast Indus. Relations Ass'n, Inc.*, 775 F.2d 1042 (9th Cir. 1985).  The Sixth Claim for Relief is thus preempted.

## VI.    PLAINTIFFS' SEVENTH, EIGHT, AND NINTH CLAIMS SHOULD BE DISMISSED

Finally, Plaintiffs' seventh claim (negligence and negligent supervision), eighth claim (violation of California Business and Professions Code section 17200, *et seq.*), and ninth claim (aiding and abetting) likewise each fail to sufficiently state claims against the Moving Defendants.  In the interest of judicial economy, Moving Defendants join in discussions of the foregoing claims for relief in the motions to dismiss filed by each of the other Defendants in this action.  (*See* Moving "Defendants' Notice of Joinder in the Motions to Dismiss the Third Amended Complaint" filed concurrently herewith).

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court dismiss Plaintiffs' claims against the Moving Defendants in their entirety and with prejudice.

**DATED:** November 25, 2013_____**POSNER & ROSEN LLP**

By:___*Howard Z. Rosen*_____

HOWARD Z. ROSEN
JASON C. MARSILI
BRIANNA M. PRIMOZIC
Attorneys for Defendants
William C. Waggoner, Mickey J. Adams,
Ron Sikorski, Dan Billy, Dan Hawn, Larry
Davison, Patricia M. Waggoner, Kenneth
D. Waggoner, Bert Tolbert, and OEFI.

NOTICE OF MOTION AND MOTION DISMISS THIRD AMENDED COMPLAINT