HOWARD Z. ROSEN, State Bar No. 54442
hzrosen@posner-rosen.com
JASON C. MARSILI, State Bar No. 233980
jmarsili@posner-rosen.com
BRIANNA M. PRIMOZIC, State Bar No. 274397
bprimozic@posner-rosen.com

POSNER & ROSEN LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2679
Telephone No. (213) 389-6050
Facsimile No. (213) 389-0663

Attorneys for DEFENDANTS
*William C. Waggoner, Mickey J. Adams,*
*Ron Sikorski, Dan Billy, Dan Hawn,*
*Larry Davison, Patricia M. Waggoner,*
*Kenneth D. Waggoner, Bert Tolbert,*
*and Operating Engineers Funds, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, *et al.*,<br><br>                    Defendants. | CASE NO.  CV 12-10506 DDP (VBKx)<br>*CLASS ACTION*<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES BY  DEFENDANTS<br>WILLIAM C. WAGGONER,<br>PATRICIA M. WAGGONER, BERT<br>TOLBERT, MICKEY J. ADAMS,<br>RON SIKORSKI, DAN BILLY, DAN<br>HAWN, LARRY DAVISON,<br>KENNETH D. WAGGONER, AND<br>OPERATING ENGINEERS FUNDS,<br>INC. IN OPPOSITION TO<br>PLAINTIFFS' MOTION FOR<br>LEAVE TO FILE FOURTH<br>AMENDED C LASS ACTION<br>COMPLAINT**<br><br>Date:        February 3, 2014<br>Time:        10:00 a.m.<br>Place:        Courtroom 3, 2nd Floor<br>Judge:        Hon. Dean D. Pregerson |

## I.   INTRODUCTION

Plaintiffs have already amended the Complaint three times.  The allegations in each amended version are virtually the same as are the claims for relief.  Now, Plaintiffs seek leave to repackage the same allegations into a proposed Fourth Amended Complaint.  The Fourth Amended Complaint separates the ERISA, RICO, and state law claims into multiple claims based upon the same previously alleged factual allegations and consists of 726 paragraphs in 224 pages with dozens of pages of attached exhibits.  The Fourth Amended Complaint is futile and its prolixity prejudices Defendants.  Accordingly, the Court should exercise its broad discretion to deny the motion for leave to amend.

## II.   STATEMENT OF FACTS

Plaintiffs filed the Complaint on December 7, 2012.  Four and one-half months later, Plaintiffs, pursuant to the stipulation of the parties and order of the Court, filed a First Amended Complaint on April 19, 2013.  In anticipation of Defendants filing a motion to dismiss the First Amended Complaint, the parties held a Local Rule 7-3 conference in which Defendants articulated the defects they perceived in the First Amended Complaint.  (Rosen Decl., ¶ 3).  As a result of the conference, the parties stipulated and the Court ordered that Plaintiffs could file a Second Amended Complaint.  (Rosen Decl., ¶ 3).  Plaintiffs filed their Second Amended Complaint on July 22, 2013.  (Rosen Decl., ¶ 4).

Again, the parties met and conferred by conference call.  Defendants stated their objections to the Second Amended Complaint and Plaintiffs again agreed to file a Third Amended Complaint, which Plaintiffs were permitted to do by stipulation and order of the Court.  (Rosen Decl., ¶ 5).  Plaintiffs filed the Third Amended Complaint on September 23, 2013.  (Rosen Decl., ¶ 6).

The parties met and conferred about the Third Amended Complaint on November 15, 2013.  Plaintiffs' counsel said that they intended to file a Fourth Amended Complaint to cure defects in the Third Amended Complaint and to delete

**MEMORANDUM OF POINTS AND AUTHORIES BY  DEFENDANTS WILLIAM C. WAGGONER, ET AL. IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION COMPLAINT**

1   certain claims against the management trustees.  (Rosen Decl., ¶ 7).  Sean

2   McLoughlin, who represents Defendant C.W. Poss, stated that defendant Poss, and

3   he believed other defendants, could not stipulate to the filing of a Fourth Amended

4   Complaint without seeing a draft and requested that Plaintiffs' counsel email an

5   electronic copy of the proposed Fourth Amended Complaint.  Mr. McLoughlin

6   stated to Plaintiffs' counsel that after receipt of the proposed Fourth Amended

7   Complaint he and other Defendants' counsel would look at the amended factual

8   allegations regarding their respective clients and determine whether they met

9   Defendants' objections to the Third Amended Complaint or whether the proposed

10  amendment would be futile.  (Rosen Decl., ¶ 7).  Plaintiffs did not provide a copy

11  of their proposed Fourth Amended Complaint as Defendants requested.  (Rosen

12  Decl., ¶ 8).

13       Counsel for the parties met and conferred again by telephone conference call

14  on November 20, 2013.  (Rosen Decl., ¶ 9).  After the call, Plaintiffs offered to

15  extend the time for Defendants to file their motions to dismiss the Third Amended

16  Complaint from November 25, 2013 to December 23, 2013 and stated that

17  Plaintiffs would provide Defendants with a draft of their Fourth Amended

18  Complaint by December 6, 2013 if Defendants would agree to conduct a Local

19  Rule 7-3 conference regarding the motion for leave to amend the Third Amended

20  Complaint by no later than December 13, 2013.  (Rosen Decl., ¶ 9).  Although

21  Plaintiffs indicated that they would have a draft of the proposed Fourth Amended

22  Complaint ready by December 6, 2013 to send to Defendants, Plaintiffs did not

23  send the draft in the beginning of December.  (Rosen Decl., ¶ 10).  Rather,

24  Plaintiffs first provided Defendants with the proposed Fourth Amended Complaint

25  when Plaintiffs filed their motion for leave to amend on January 6, 2014. (Rosen

26  Decl., ¶ 11).

27  ///

28  ///

**MEMORANDUM OF POINTS AND AUTHORITIES BY  DEFENDANTS WILLIAM C.
WAGGONER, ET AL. IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
FOURTH AMENDED CLASS ACTION COMPLAINT**

## III.   THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO DENY THE MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

The standard for a district court to adjudicate a motion for leave to amend pursuant to Rule 15 is well-settled. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Court considers five factors; bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether plaintiff has previously amended the complaint. *Id.*; *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. North Dakota*, 90 F.3d 351, 355 (9th Cir. 1996);

Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Forman*, at 182; *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). The discretion vested in the trial court is even greater when a moving party has already had at least one opportunity to amend the complaint. "[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims." *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980); See also *Cafasso , U.S. ex rel. v. General Dynamics C4 Systems, Inc*., 736 F.3d 1047, 1058 (9th Cir. 2011). Here, the Court has broad discretion as Plaintiffs have previously amended the Complaint three times.

### A.   The Three Prior Amendments State The Same Allegations And Basically The Same Claims

Here, the Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint all state virtually the same allegations and the same claims for relief. For example, the First Amended Complaint ("FAC"), Second Amended Complaint ("SAC"), and Third Amended Complaint ("TAC") include allegations about the President's Club/EPEC (FAC ¶¶ 61-67, SAC ¶¶ 69-74, TAC ¶¶ 67-72); the BA Fund (FAC ¶¶ 68-73, SAC ¶¶ 75-84, TAC ¶¶ 77- 86); assets that were alleged to have been diverted or embezzled from

3

1   Local 12 or the Trust Funds (FAC ¶¶109-118), SAC ¶¶ 85-94), TAC ¶¶ 87-101);

2   federal filings and use of the Local 12 airplane by Local 12 officers, their family

3   members, and politicians (FAC ¶¶ 74-101, SAC ¶¶ 98-126, TAC ¶¶ 102-130);

4   embezzlement of revenue generated by the Local 12 printing press (FAC ¶¶102-

5   108, SAC ¶¶ 127-134; TAC ¶¶ 131-138); Spacemaker Tenant Improvements (FAC

6   ¶¶ 119-122, SAC ¶¶ 135-139, TAC ¶¶ 139-142); diversion of assets from the

7   Pension Fund to "prop up" Amalgamated Bank (FAC ¶¶ 121-132, SAC ¶¶ 142-

8   150, TAC ¶¶ 147-155); diversion of room space in the Washington Court Hotel and

9   authorization of sub-market leases at properties in Dallas, Texas (FAC ¶¶ 133-134,

10  SAC ¶¶151-155, TAC ¶¶156-160); Health & Welfare Fund investments diverted to

11  Kenneth Waggoner and expenses improperly charged to the Pension Fund (FAC

12  ¶¶138-139, SAC ¶¶ 156-158, TAC ¶¶ 161-164); diversion of funds from the

13  Pension Fund to pay for Rose Bowl tickets (FAC ¶141, SAC ¶160, TAC ¶165)

14  fraud by Theresa Goodell concerning OEFI (FAC ¶¶142-145, SAC ¶¶161-164,

15  TAC ¶¶166-172); discovery by the trust fund auditors of massive financial

16  misconduct (FAC ¶¶ 146-148, SAC ¶¶ 168-170, TAC ¶¶ 1734-175); the award of

17  no-bid security services contract for Local 12 (FAC ¶¶149-150, SAC ¶¶171-173,

18  TAC ¶¶176-178); Local 12 payment of employees' payroll taxes (FAC ¶¶159, SAC

19  ¶¶175) payment of OEFI employees' payroll taxes (TAC ¶¶180-182); sale of OETT

20  scrap metal (FAC ¶¶160, SAC ¶¶ 178-180, TAC ¶¶183-185); writing off of a

21  management Trustee's company and others' debts to the Trust Funds (FAC ¶¶ 162,

22  SAC ¶¶ 181-184, TAC ¶¶186-189); Patricia Waggoner's use of a Local 12 vehicle

23  (FAC ¶¶ 163, SAC ¶¶185-186, TAC ¶¶190-191); use of OETT assets and staff to

24  refurbish personal vehicles and work on residences (FAC ¶¶ 164-170, SAC ¶¶187-

25  196, TAC ¶¶192-201); threats of physical violence and not allowing opposition

26  voices to speak at meetings (FAC ¶¶ 171-173, SAC ¶¶ 199-201, TAC ¶¶ 205-207),

27  use of job referral system to suppress opposition (FAC ¶¶ 174, SAC ¶¶ 202, TAC

28  ¶¶ 211-215); double-breasted operations (FAC ¶¶ 190-191, SAC ¶¶ 204-206; TAC

4

**MEMORANDUM OF POINTS AND AUTHORIES BY  DEFENDANTS WILLIAM C.
WAGGONER, ET AL. IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
FOURTH AMENDED CLASS ACTION COMPLAINT**

¶¶ 217-219); employment of Steve Montrie (FAC ¶¶ 192-195, SAC ¶¶ 207-210, TAC ¶¶ 220-223); and miscellaneous breaches of fiduciary duty (FAC ¶¶ 196, SAC ¶¶ 211-213, TAC ¶¶ 224-231).

The First Amend Complaint alleges eight claims for relief; four RICO claims, an LMRDA claim, an ERISA claim, aiding and abetting, and an unfair competition law claim. The Second Amended Complaint deletes two of the RICO claims and adds claims for breach of common law fiduciary duty, violation of California Labor Code sections 221 and 2802, and negligence and negligent supervision. The factual allegations of the Second Amended Complaint are essentially the same as those in the First Amended Complaint. The Third Amended Complaint states the same nine claims for relief that are in the Second Amended Complaint.

Between December 7, 2012 and September 23, 2013, with the filing of the Third Amended Complaint, the claims have varied minimally and the allegations have remained essentially the same. One week ago, on January 6, 2014, thirteen months after filing the Complaint and after three amended versions, Plaintiffs seek leave to file a Fourth Amended Complaint that contains the same allegations but separates the ERISA allegations into nine claims, separates the common law breach of fiduciary duty claim into three claims, alleges two RICO claims, adds a claim for conversion, and separates the unfair competition law claims into three claims for relief.

## B.    The Amendment Would Be Futile

While generally a plaintiff should be given the opportunity to test his claim on the merits, "futile amendments should not be permitted." *Klamath-Lake Pharm. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). An amendment is futile when it is similar to claims already asserted or restates the same facts regardless of the language used. *Sisseton-Wahpeton Sioux Tribe* at 356. "It is not an abuse of discretion to refuse a request to amend when the proffered amendment

merely restates the same facts using different language, or reasserts a claim previously determined." *DCD Programs, Ltd. v. Leighton*, 833 F.2 183, 188 (9th Cir. 1987), quoting *Wakeen v. Hoffman House, Inc*., 724 F.2d 1238, 1244 (7th Cir. 1983).

The proposed Fourth Amended Complaint is futile. The eighteen claims for relief in the Fourth Amended Complaint simply restate the same facts that Plaintiffs alleged in the three prior amended complaints. Repackaging the facts into multiple ERSIA, RICO, and state law claims adds nothing to the claims already asserted. Plaintiffs contend that they have incorporated "additional facts that have come to light as a result of Plaintiffs' ongoing investigation." Motion, 7:20-21. Yet, the declaration of H. Scott Leviant, the only declaration filed in support of the motion for leave to amend, does not identify any facts that have come to light after the filing of the Third Amended Complaint or why the "additional facts" could not have been discovered before the filing of the Third Amended Complaint.

The proposed Fourth Amended Complaint is also futile because of its extraordinary length. Rule 8(a)(a) requires "a short and plain statement of the claim." An excessively lengthy complaint that is replete with redundancy does not satisfy Rule 8(a)(2). *Cafasso*, at 1058-1059. Even Plaintiffs acknowledge the unusual length of the Fourth Amended Complaint. "Plaintiffs recognize that the proposed 4thAC is a lengthy one." Motion, 2:26. Defendants submit that the Court should deny the motion for leave to amend on the basis of futility. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (futility of amendment is one of the five factors that the Court considers).

### C.    Defendants Will Be Prejudiced By The Amendment

Prejudice is the most important factor in considering a motion for leave to amend. *DCD Programs, Ltd*., at 185. The proposed Fourth Amended Complaint consists of 726 paragraphs in 224 pages with dozens of additional pages of attached exhibits. The extraordinary prolixity of the proposed Fourth Amended

1 Complaint prejudices Defendants because it burdens Defendants with the onerous
2 task of analyzing the Fourth Amended Complaint to prepare an answer that admits
3 or denies the allegations and to determine what claims and allegations must be
4 defended and litigated. *Cafasso*, at 1059.

5       **D.**    **Plaintiffs Have Already Had Three Bites At The Apple And The**
6                **Proposed Amendment Alleges the Same Facts**

7       The motion for leave to amend should also be denied as Plaintiffs have
8 already amended the Complaint three times. *Sisseton-Wahpeton*, at 356 (whether
9 plaintiff has previously amended the complaint is one factor to be considered in a
10 motion for leave to amend). Each time Plaintiffs have made essentially the same
11 factual allegations. The proposed Fourth Amended Complaint does no more.
12 While it adds Chris Laquer, "counsel to the management-side Trustees of the
13 Trusts," (Pars. 56, 548) as a defendant in the seventh claim for violation of ERISA,
14 Plaintiffs fail to explain why Chris Laquer was not named in any of the earlier
15 amendments even through he has been co-counsel for the Trust Funds for many
16 years prior to the filing of the Complaint. (Rosen Decl., ¶ 12).
17 ///
18 ///
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORIES BY DEFENDANTS WILLIAM C.
WAGGONER, ET AL. IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
FOURTH AMENDED CLASS ACTION COMPLAINT**

1

**IV.   CONCLUSION**

2          Based upon the foregoing, Defendants submit that the Court should exercise

3    its broad discretion to deny the motion for leave to file a Fourth Amended

4    Complaint.

5

6    **DATED:**  January 13, 2014                    **POSNER & ROSEN LLP**

7

8                                               By:_____ *Howard Z. Rosen*_____

9                                                  HOWARD Z. ROSEN
                                                   JASON C. MARSILI
10                                                 BRIANNA M. PRIMOZIC
                                                   Attorneys for William C. Waggoner,
11                                                 Mickey J. Adams, Ron Sikorski, Dan
                                                   Billy, Dan Hawn, Larry Davison,
12                                                 Patricia M. Waggoner, Kenneth D.
                                                   Waggoner, Bert Tolbert, and
13                                                 Operating Engineers Funds, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORIES BY  DEFENDANTS WILLIAM C. WAGGONER, ET AL. IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION COMPLAINT**