HOWARD Z. ROSEN, State Bar No. 54442
hzrosen@posner-rosen.com
JASON C. MARSILI, State Bar No. 233980
jmarsili@posner-rosen.com
BRIANNA M. PRIMOZIC, State Bar No. 274397
bprimozic@posner-rosen.com

POSNER & ROSEN LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2679
Telephone No. (213) 389-6050
Facsimile No. (213) 389-0663

Attorneys for DEFENDANTS
William C. Waggoner, Mickey J. Adams,
Ron Sikorski, Dan Billy, Dan Hawn,
Larry Davison, Patricia M. Waggoner,
Kenneth D. Waggoner, Bert Tolbert,
and Operating Engineers Funds, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS, et al., <br><br> Defendants. | CASE NO. CV 12-10506 DDP (VBKx) <br> *CLASS ACTION* <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS WILLIAM C. WAGGONER, PATRICIA M. WAGGONER, BERT TOLBERT, MICKEY J. ADAMS, RON SIKORSKI, DAN BILLY, DAN HAWN, LARRY DAVISON, KENNETH D. WAGGONER, AND OPERATING ENGINEERS FUNDS, INC. IN SUPPORT OF MOTION TO STRIKE PURSUANT TO FRCP 12(f)** <br><br> Date: February 10, 2014 <br> Time: 10:00 a.m. <br> Place: Courtroom 3, 2nd Floor <br> Judge: Hon. Dean D. Pregerson |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

I. INTRODUCTION ........................................................................ 1

II. THE COURT SHOULD STRIKE THE ALLEGATION CONCERNING BERT TOLBERT'S GRANDDAUGHTER AS IT IS IMMATERIAL, IMPERTINENT, OR SCANDALOUS ........................................................................ 1

    A. The Allegation of Addiction to Prescription Drugs And Alcohol Is Scandalous . 1

    B. The Allegation about Prescription Drug And Alcohol Addiction Is Immaterial and Impertinent ........................................................................ 3

III. DEFENDANTS DO NOT MOVE TO STRIKE ALLEGATIONS THAT ARE INTEGRAL PARTS OF THE CLAIM FOR RELIEF, ATTACK AN AFFIRMATIVE DEFENSE, OR STRIKE AN ENTIRE CLAIM ........................................................................ 4

    A. None Of The Disputed Allegations Are Integral Parts Of The Claims For Relief ... 5

    B. Defendants Do Not Challenge An Affirmative Defense ........................................................................ 7

    C. Defendants Do Not Move To Strike Complete Claims ........................................................................ 8

IV. DEFENDANTS ARE PREJUDICED BY THE DIPUTED ALLEGATIONS ........ 10

V. CONCLUSION ........................................................................ 11

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                         Page No.

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
217 F. Supp. 2d 1028 (C.D. Cal. 2002) .................................................. 8, 10

*Fantasy, Inc. v. Fogerty*,
984 F. 3d 1524, 1527 (9th Cir. 1993) .................................................... 3, 10

*In re 2TheMart.com, Inc, Securities Litigation*,
114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) .............................................. 1, 7

*In re New Century*,
588 F. Supp. 2d 1206 (C.D. Cal. 2011) .................................................. 5, 6

*Lazar v. Trans Union LLC*,
195 F.R.D. 665 (C.D. Cal. 2001) ............................................................. 5

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
814 F. Supp. 820 (N.D. Cal. 1992) ........................................................... 6

*Multimedia Patent Trust v. Microsoft Corp.*,
525 F. Supp. 2d 1200 (S.D. Cal. 2007) ..................................................... 7

*Oracle America, Inc. v. Micron Technology, Inc.*,
817 F. Supp. 2d 1128 (N.D. Cal. 2011) .................................................... 8

*Robinson v. Managed Accounts Receivables Corp.*,
654 F. Supp. 2d 1051 (C.D. Cal. 2009) ..................................................... 9

*Rosales v. FitFlop USA, LLC*,
882 F. Supp 2d 1168 (S. D. Cal. 2012) ..................................................... 9

*Sheen v. Screen Actors Guild*,
(C.D. Cal. 2012 WL 2360923) ................................................................. 9

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F. 2d 880, 885 (9th Cir. 1983) ............................................................ 1

*Wailua Associates v. Aetna Cas. and Sur. Co.*,
183 F.R.D. 550 (D. Haw. 1998) ..................................................... 2, 3, 4, 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F. 3d 970, 973 (9th Cir. 2010) ........................................................... 9

I.  INTRODUCTION

Plaintiffs merely cite numerous cases that articulate the standard to determine a motion to strike. They cite no cases that factually support their opposition to the instant motion. Rather, Plaintiffs cite cases that arise in completely different contexts that provide no insight as to whether the disputed allegations should be stricken. Plaintiffs ignore the case which they cite that explicates what constitutes "scandalous matter" and strikes it from the complaint.

II. THE COURT SHOULD STRIKE THE ALLEGATION CONCERNING BERT TOLBERT'S GRANDDAUGHTER AS IT IS IMMATERIAL, IMPERTINENT, OR SCANDALOUS

"The purpose of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Thus, Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp. 2d 955, 965 (C.D. Cal. 2000).

### A. The Allegation Of Addiction to Prescription Drugs And Alcohol Is Scandalous

The allegation at issue against Bert Tolbert, the Administrator of the Southern California Training Trust, is contained in Paragraph 92. Paragraph 92 provides:

> Defendant Bert Tolbert also placed his granddaughter Jodi McMullen on the Southern California Training Trust payroll in order to provide her with health care through the Health & Welfare fund. Ms. McMullen, about 25

<u>years old at the time, had been addicted to prescription drugs and alcohol which destroyed her liver.</u> She was on the liver donor list and received a liver at the expense of the Trust. Ms. McMullen did almost no work while she was on the payroll. She would spend a lot of her time printing out pictures of animals, going through several color printer cartridges in a week, or drawing with crayons. Tolbert violated his fiduciary duties as a Taft-Hartley fund administrator by hiring a relative who did little if no work in order to allow her to obtain an expensive medical procedure at the expense of the Trust.

(Emphasis added).

The allegation that Bert Tolbert's granddaughter had been addicted to prescription drugs and alcohol is scandalous matter which should be stricken. Needlessly accusing Jodi McMullen of being a substance abuser is the epitome of placing her in a cruelly derogatory light. The only justification that Plaintiffs offer for this characterization is a misdirection about allegations that Tolbert engaged in other improper activities. For example, Plaintiffs allege that Tolbert embezzled the proceeds from the sale of scrap metal (TAC ¶ 183), repaired and/or restored personal vehicles using Southern California Training Trust funds and staff (TAC ¶¶ 192, 195), and had annual landscaping projects performed at his home by Training Trust staff (TAC ¶ 198). Plaintiffs' Brief, 5:15-6:10. This explanation does not make the allegation any less offensive.

In *Wailua Associates v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550 (D. Haw. 1998), a case cited repeatedly by Plaintiffs, the defendants filed a motion to strike the characterization of their conduct that allegedly unreasonably and improperly delayed and compounded the costs of an appraisal of the insured's damaged property as "siege warfare." *Id.*, at 556. In its opposition to the motion to strike,

the insured explained that the allegations concerned the insurer's deliberate and unreasonable attempts to frustrate the very purpose of the insurance policy's appraisal provision. *Id.* The Court found that this explanation demonstrated that the insured could communicate the same idea without using the term "siege warfare" and struck the reference to "siege warfare" from the complaint. *Id.*

Here, Plaintiffs have no need to refer to McMullen's alleged addiction to prescription drugs and alcohol. It would have sufficed for Plaintiffs to have alleged that Tolbert hired his granddaughter, that his granddaughter was not qualified to, and did not, perform any work, and that she was hired so that she could receive a medically necessary liver transplant paid by the Health & Welfare Trust Fund. Yet, Plaintiffs do not need the Defendants to explain how they could have alleged the same idea without placing McMullen in a cruelly derogatory light. In their opposition to the motion to strike, Plaintiffs state that defendants "placed a chemically impaired relative on the payroll of an ERISA trust fund solely to take expensive health care benefits from that trust." Plaintiff's Brief, 1:18-19.

As *Wailua* noted, "[b]y proving such an explanation, Plaintiff has demonstrated that it can communicate the same idea without using the phase 'siege warfare.'" *Wailua*, at 556. Similarly, Plaintiffs have demonstrated that they can communicate the "same idea" without the reference to McMullen being a substance abuser.

### B. The Allegation About Prescription Drug And Alcohol Addiction Is Immaterial And Impertinent

The allegations about McMullen are also immaterial and impertinent. Immaterial matter has no essential or important relationship to the claim for relief. *Fantasy, Inc. v. Fogerty*, 984 F.3d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534-34 (1994). The allegation that McMullen is addicted to prescription drugs and alcohol is immaterial as it has no essential or important relationship to the claim for relief. The reason that she needed a transplant is

neither essential nor important to the claim that she was hired so that she could receive a transplant at the expense of the Health & Welfare Trust Fund.

The allegation is also impertinent. Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* The only issue presented with respect to McMullen is whether she was hired because she needed a liver transplant, not whether she was addicted to prescription drugs and alcohol. Thus, the Court should exercise its discretion and strike the allegation in Paragraph 92 that "Ms. McMullen, about 25 years old at the time, had been addicted to prescription drugs and alcohol which destroyed her liver."

The cases cited by Plaintiffs repeat the well-established standard to determine a motion to strike but do not support their opposition to the instant motion. These cases arise in completely different contexts in which defendants sought to strike matters that were an integral part of the claims, affirmative defenses, or entire claims. However, *Wailua*, a case that Plaintiffs repeatedly cite, provides an insightful analysis of what constitutes "scandalous matter" and supports, rather than conflicts with, the motion to strike as to the allegations concerning Tolbert's granddaughter.

### III. DEFENDANTS DO NOT MOVE TO STRIKE ALLEGATIONS THAT ARE INTEGRAL PARTS OF THE CLAIMS FOR RELIEF, ATTACK AN AFFIRMATIVE DEFENSE, OR STRIKE AN ENTIRE CLAIM

Plaintiffs cite cases in which the district court denied motions to dismiss because the disputed allegations were integral parts of the complaint or because the motion attacked the entire claim. Plaintiffs also cite cases in which the district court granted motions to strike affirmative defenses that failed as a matter of law. These cases are inapposite as here the disputed allegations do not fit within any of these categories.

///

///

## A. None Of The Disputed Allegations Are Integral Parts Of The Claims For Relief

In *Lazar v. Trans Union LLC*, 195 F.R.D. 665 (C.D. Cal. 2001), a consumer filed an action against a credit reporting agency alleging violation of the Fair Credit Reporting Act ("FCRA"). In so doing, the consumer alleged that the credit reporting agency engaged in a pattern of mismanagement of his file during the period barred by the statute of limitations. The credit reporting agency moved to strike certain paragraphs of the complaint because the facts alleged occurred several years prior to the FRCA statute of limitations. The district court found that the FCRA claims were barred by the statute of limitations to the extent that they are based upon facts alleged in the disputed paragraphs. *Id.*, at 671. However, the district court also found that "[t]his pattern establishes the basis of [consumer's] contention that [credit reporting agency] violated the FCRA when it generated a faulty credit report for him [during the period for which he could recover]." *Id.* Thus, the Court concluded that the pre-statute of limitations facts alleged in the disputed paragraphs "are not 'superfluous' background material but an integral part of Plaintiff's claims of continuous inappropriate conduct" and denied the motion to strike. *Id.*

By contrast, in the instant case, Plaintiffs' allegations about William C. Waggoner ("WWaggoner") and Mickey J. Adams being heavy drinkers and in the case of WWaggoner, under the influence of alcohol while acting as Business Manager and Trustee (TAC ¶¶ 227, 228), and Patricia M. Waggoner's drinking, the alcohol-detection device, and a DUI history (TAC ¶ 229) are immaterial to the ERISA and state law claims.

The difference in the allegations in the TAC and those in cases upon which Plaintiffs rely are highlighted by the order of this Court in *In re New Century*, 588 F.Supp. 2d 1206 (C.D. Cal. 2011), a securities class action that was precipitated by the sub-prime mortgage lending crisis and the collapse of one of the industry's

formerly largest sub-prime mortgage lenders. Among the defendants was KPMG, the lender's auditor. *Id.*, 1210. Plaintiffs reproduced much of the Bankruptcy Examiner's Report in the complaint. KPMG move to strike all reference to the Examiner's Report on the ground that reliance on the Examiner's Report violated plaintiffs' duty under Rule 11. *Id.*, 1220. Plaintiffs asserted that the Examiner's Report was a source of information regarding defendants' practices, and that the Report only supplemented their investigation made in preparation of the complaint. This Court allowed the allegations drawn from the Examiner's Report because they were "derived from documentary evidence that qualifies as a reliable source for pleading purposes." *Id.*, 1221.

Here, Defendants do not move to strike any documentary evidence relied upon by Plaintiffs in the Third Amended Complaint. Consequently, *In re New Century* is of no value in assessing the merits of the motion to dismiss.

*LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820 (N.D. Cal. 1992), is another case cited by Plaintiffs that has no bearing on the issues presented here. There, former insurance agents sued an insurer and its officers and directors, alleging that they fraudulently misled the agents concerning the financial condition of the company for purposes of inducing the agents to continue selling the insurer's policies. The insurer moved to strike paragraphs that alleged that members of the insurer's board of directors "may have engaged in improper and unlawful actions with Kentucky Central assets and may have had interests that were adverse to Kentucky Central agents...." *Id.*, 831. The basis of Kentucky Central's motion to strike was that the disputed allegations were framed as a question rather than an assertion of fact and consequently were meaningless. In denying the motion to strike, the Court found that the "disputed language is part of a longer allegation that cites specific acts of misconduct by the board." *Id.*

In the instant case, Defendants do not contend that the disputed allegations of the TAC should be stricken because they are framed as a question. Therefore,

this case has no application to the instant motion.

In another case cited by Plaintiffs, the Court considered whether certain past activities about the defendants in a securities fraud case were immaterial. In *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp. 2d 955 (C.D. Cal. 2000), the company was created to launch an e-commerce auction web site to compete with other auction web sites such as eBay.com. *Id.*, at 958. In preparation for the public filing on Form 10, an audit was to be performed by Deloitte and Touche but was delayed when Deloitte & Touche severed its relationship with the two founders of the company. *Id.*, 959. Also, prior to the filing *Bloomberg News* reported negatively on the founders' past activities. In response to the article the company's stock price fell dramatically. *Id.*, at 964-65.

The company filed a motion to strike portions of the complaint that referenced the founders' past activities and their separation from Deloitte & Touche. *Id*, at 965. As the publication of the news article was alleged to have caused the stock price to fall and the fall of the stock price is a material allegation for securities fraud, the Court denied the motion to strike. *Id.*, 965-66.

Here, Plaintiffs do not allege "past activities" of the defendants that have any relationship to the litigation. Instead, they allege, for example, that PWaggoner has a DUI history, that WWaggoner and Adams are heavy drinkers, and that WWaggoner is often under the influence of alcohol merely to cast them in a bad light so that the trier of fact will draw negative inferences about them.

### B.   Defendants Do Not Challenge An Affirmative Defense

Another category of cases cited by Plaintiffs are those that attack an affirmative defense. These cases are inapplicable as Defendants do not attack an affirmative defense. For example in *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp. 2d 1200 (S.D. Cal. 2007), a patent infringement case, plaintiff asserted that certain affirmative defenses should be stricken for failure to plead them with sufficient particularity. The Court rejected this contention, finding that the

affirmative defense of unenforceability due to inequitable conduct was pleaded with sufficient particularity. *Id.*, 1212.

In an action brought by the state of California against manufacturing and recycling companies under the Comprehensive Environment Response, Compensation, and Liability Act (CERCLA), seeking reimbursement of response costs for a former lead processing facility, the Court considered the state's motions to strike several affirmative defenses and defendants' demand for a jury trial. *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002). The Court struck the affirmative defenses as insufficient as a matter of law and struck the jury demand because there is no right to a jury trial in a CERCLA action. *Id.*, 1031.

Another case cited by Plaintiffs, *Oracle America, Inc. v. Micron Technology, Inc.*, 817 F.Supp. 2d 1128 (N.D. Cal. 2011), asserted price fixing claims against a manufacturer. Plaintiff moved to strike the manufacturer's affirmative defense under the civil leniency provisions of the Antitrust Criminal Penalty Enhancements and Reforms Act (ACPERA) on the ground that the statute may not be applied retroactively to the manufacturer's amnesty agreement. *Id.*, 1131. The Court determined that the ACPERA does not have an impermissible retroactive effect in the action and denied plaintiff's motion to strike the ACPERA affirmative defense. *Id.*, 1136.

### C. Defendants Do Not Move To Strike Complete Claims

The third category of cases cited by Plaintiffs concerns miscellaneous motions to strike based upon California's anti-SLAPP statute, the class action requirements of Rule 23, and the factual predicate for a claim for punitive damages based on a state law claim. Anticipating the merger of the Screen Actors Guild ("SAG") and the American Federation of Television and Radio Artists, members of the board of directors of SAG who opposed the merger filed an action against SAG and certain individual members of the board of directors to prevent the merger.

-8-

1 *Sheen v. Screen Actors Guild*, (C.D. Cal. 2012 WL 2360923). The individual defendants moved to strike the claim against them under California's Anti-Strategic Lawsuit Against Public Participation (anti-SLAPP") statute. *Id.*, *9. The claim against the individual board members was based upon their alleged breach of their fiduciary duties, not their exercise of free speech. Thus, the Court found that the individual defendants did not satisfy the first prong of the test for a special motion to strike under the anti-SLAPP statute and denied the motion. *Id.*, *10.

The motion to strike is not a special motion to strike under Code of Civil Procedure section 425.16. Instead, it is based upon the grounds set forth in Rule 12(f).

Plaintiffs also cite *Rosales v. FitFlop USA, LLC*, 882 F.Supp 2d 1168 (S.D. Cal. 2012), in which consumers sued a foot wear manufacturer, alleging that the manufacturer's claims regarding health benefits of its products were deceptive. The consumers asserted claims for violation of California's Unfair Competition Law ("UCL") and California's Consumer Legal Remedy Act. The manufacturer moved to strike the class allegations, arguing that individual issues predominated. The Court held that the determination whether to certify a class is normally done through a motion for class certification under Rule 23 and the "motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification." *Id.*, at 1179.

Here, Plaintiffs have filed their Third Amended Complaint as a putative class action. Yet, the motion to strike is not directed at the class allegations. Thus, *Rosales* does not undermine the motion to strike.

Finally, Plaintiffs cite *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp. 2d 1051 (C.D. Cal. 2009). There, a debtor brought an action under the Fair Debt Collection Practices Act and California's comparable statute, and asserted various other state law claims. The defendants moved to strike the

portions of the complaint which asserted claims for punitive damages. *Id.*, 1056. In support of their motion, defendants contended that the actions of one of the defendants did not rise to the level of "despicable conduct" as a matter of law and therefore plaintiffs could not proceed with their claim for punitive damages. This Court found that whether plaintiffs could recover punitive damages was an question of fact that the Court could not decide on a motion to strike and denied the motion. *Id.*, 1065. Here, Defendants have not moved to strike the claim for punitive damages.

## IV. DEFENDANTS ARE PREJUDICED BY THE DISPUTED ALLEGATIONS

Plaintiffs assert that Defendants have not shown prejudice to warrant granting the motion to strike. While courts often require a showing of prejudice before granting a motion to strike, "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *California Dept. of Toxic Substances Control*, at 1033 (C.D. Cal. 2002). See *Fantasy, Inc.*, at 1528 (holding the district court properly struck allegations that would unnecessarily confuse the issues and cause the trier of fact to make prejudicial inferences against the moving party).

The cases that have stricken allegations as "scandalous matter" do not require a showing of prejudice, presumably because by definition scandalous matter is so offensive. See *Wailua*, at 556 (holding that "siege warfare" constitutes scandalous matter and striking it from the complaint). Here the allegation about Jodi McMullen, who is not a party to the litigation, provides even more reason to grant the motion to strike. *Fantasy, Inc.*, at 1528 (striking allegations that did not involve the parties to the action).

The allegations about working under the influence and being heavy drinkers are just the type of allegations that will confuse the issues and cause a jury to make

prejudicial inferences against WWaggoner and Adams. Whether they are heavy drinkers or perform their duties while under the influence as Plaintiffs allege is not the issue. The issue is whether defendants' conduct breached their fiduciary duty, not their state of sobriety.

Finally, the allegations that PWaggoner drove a Local 12 vehicle to circumvent using an alcohol detection device on her own vehicle due to her DUI history is another example of allegations that are prejudicial to PWaggoner. The essence of the allegations are that WWaggoner breached his fiduciary duty to Local 12 by allowing his wife, PWaggoner, to use a Local 12 vehicle for her personal use. There is no legitimate purpose for allegations about an alcohol detection device or a DUI history, both of which will cause the trier of fact to draw negative inferences against PWaggoner..

## V. CONCLUSION

Based upon the foregoing, Defendants submit that the Court should grant the motion to strike the disputed allegations from the Third Amended Complaint.

DATED: January 20, 2014          **POSNER & ROSEN LLP**

By: _____*Howard Z. Rosen*_____
HOWARD Z. ROSEN
JASON C. MARSILI
BRIANNA M. PRIMOZIC
Attorneys for William C. Waggoner, Mickey J. Adams, Ron Sikorski, Dan Billy, Dan Hawn, Larry Davison, Patricia M. Waggoner, Kenneth D. Waggoner, Bert Tolbert, and Operating Engineers Funds, Inc.

-11-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY
DEFENDANTS IN SUPPORT OF MOTION TO STRIKE PURSUANT TO FRCP 12(f)