J. Mark Moore, SBN 180473
  jmm@mllawyers.net
H. Scott Leviant, SBN 200834
  hsl@mllawyers.net
**MOORE & LEVIANT LLP**
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone: (877) 360-7020
Facsimile: (310) 870-7020

Jeffrey K. Berns (SBN 131351)
  jberns@law111.com
Albert G. Lum (SBN 259053)
  alum@law111.com
**BERNS WEISS LLP**
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss (SBN 297834)
  lweiss@law111.com
**BERNS WEISS LLP**
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Telephone: (516) 222-2900
Facsimile: (818) 999-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS, a trade union, et al., <br><br> Defendants. | Case No.: 12-cv-10506 DDP (VBKx) <br><br> CLASS ACTION <br><br> **PLAINTIFFS' RESPONSE TO THE LOCAL 12 DEFENDANTS' NOTICE OF SUBMISSION OF NEWLY ISSUED NINTH CIRCUIT DECISION (Dkt. 225)** |

On October 30, 2014, the Local 12 Defendants (William Waggoner, *et al*) filed a "Notice of Submission of Newly Issued Ninth Circuit Decision ("Notice"). In their Notice, they argue that the Ninth Circuit's October 28, 2014 opinion in *United Brotherhood of Carpenters and Joiners of America v. Building and Construction Trades Department*, AFL-CIO, Ninth Circuit Case No. 12-36049 supports dismissal of Plaintiffs' RICO claim against them, which is based on Defendant Waggoner's practice of requiring Local 12 employees, including all four Plaintiffs, to kick back a portion of their wages to his slush fund, the BA's Fund.

*United Bhd. of Carpenters* fails to support dismissal of Plaintiffs' RICO claim. Though the presence of unions creates a superficial similarity with this action, the actual gravamen of the racketeering claim at issue in that case, which involved no alleged extortion of wages, is *entirely unlike* the claim here. Moreover, in their Notice the Local 12 Defendants inaccurately characterize the substance of the allegations in Plaintiffs' Fourth Amended Complaint. *See* Dkt.167 at 65-79, 626-648 (Thirteenth Claim for Relief).[1] Disregarding the bulk of Plaintiffs' allegations, the Local 12 Defendants assert that in this case "the issues involve the adequacy of RICO allegations that former OETT administrator Bert Tolbert, in approximately 1999, made an unlawful threat against Plaintiff Watson, concerning his previous failure to contribute to the BA's Fund." (Dkt. 225 at 2:17-20.) No fair reading of Plaintiffs' pleading could support the conclusion that their RICO claim is based primarily – let alone solely – on that

---

[1] *See also* Dkt. 167 at ¶ 8 (Plaintiff Salas, who worked for Local 12 until 2012, was required to contribute to the BA's Fund); ¶ 9 (Plaintiff Chamberlain was required to contribute to the BA's Fund); ¶ 10 (Plaintiff Watson was required to contribute to the BA's Fund); ¶ 69 ("When employees asked Tolbert and others if they could pay their mandatory BA's Fund contribution by check, they were told, "No. This fund does not exist. Cash only."); ¶ 70 (Plaintiffs Salas and Chamberlain were "forced to contribute to the BA's Fund under threat of termination…."); ¶ 635 ("The threats originated with Defendant William Waggoner, and were then disseminated throughout Local 12 by Waggoner, the other Local 12 RICO Defendants, and others that they designated."); ¶ 639 (Waggoner communicated that employment would terminate for refusal to comply with the demand to provide

particular conversation. *See* n. 1 supra.

Beyond referencing a single allegation about the beginning of a longstanding and renewed extortionate threat as if it represents the totality of Plaintiffs' allegations regarding the BA's Fund scheme, the Local 12 Defendants contend that the Ninth Circuit's new decision "provides guidance as to what constitutes sufficient allegations of unlawful threats of RICO predicate acts." (Dkt. 225 at 3, referencing Slip. Op. at 15-17.) But the portion of the opinion they cite to addressed tenuous, alleged threats of *violence*. In contrast, here, Plaintiffs' BA's Fund-based RICO claim is not predicated on threats of violence but rather on threats of *economic loss*, e.g., the loss of one's job for failing to contribute to Waggoner's slush fund. Notably, the Local 12 Defendants also do not acknowledge in their Notice that the Ninth Circuit confirmed that fear, in the context of the Hobbs Act, can include fear of economic loss (Slip Op. at 8) and that using fear of economic loss to obtain personal payoffs or payments for imposed or unwanted services (e.g., threatening job loss based on failure to give money to Waggoner for his slush fund) "may well be extortionate." *Id*. at 9-10 (citations omitted).

Dated: November 3, 2014
**MOORE & LEVIANT LLP**

By: /s/ *J. Mark Moore*
J. Mark Moore
H. Scott Leviant

**BERNS WEISS LLP**
Jeffrey K. Berns
Lee A. Weiss
Albert G. Lum

Attorneys for Plaintiffs

---

money); ¶ 640 (the Local 12 officers "communicated the mandate that employees should be terminated for refusal to comply with the demand to provide money….")