O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO SALAS, individually and on behalf of all others similarly situated; et al., | ) ) ) ) | Case No. CV 12-10506 DDP (VBKx) |
| Plaintiffs, | ) ) | **ORDER RE: FIFTH CAUSE OF ACTION (ERISA)** |
| v. | ) ) | |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, a trade union; et al., | ) ) ) ) | |
| Defendants. | ) ) ) | [Dkt. Nos. 177, 178, 179, 180, 181, 182, 190, 191] |

Presently before the court are four separate Motions to Dismiss Plaintiffs' Fifth Claim for violation of the Employee Retirement Income Security Act ("ERISA"). (Dkts. 177, 179, 181, 182) The substance of the four motions is essentially the same. Having considered the submissions of the parties and heard oral argument, the court denies the motions and adopts the following order.

**I.   Background**

The Fifth Claim of Plaintiff's Fourth Amended Complaint ("FAC") alleges that Defendants violated ERISA by issuing, or

allowing Defendant William Waggoner to issue, a thirteenth (i.e., additional) monthly pension payment from Local 12's ERISA-governed Pension Plan (the "Plan") to retirees at the end of each year. Plaintiffs allege that the decision to make the thirteenth payment was motivated by a desire to curry favor with retirees for the purpose of securing votes for Defendant Waggoner and his slate of candidates for elected union positions. (4AC ¶¶ 500-15.) Several Defendants now move to dismiss Plaintiffs' Fifth claim.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Under ERISA, a fiduciary with control over a Pension Trust shall act (1) solely in the interest of the participants, (2) "for the exclusive purpose" of providing benefits for participants and their beneficiaries, (3) with the "care, skill, prudence, and diligence" that a prudent man acting under similar circumstances would, and (4) to minimize the risk of large losses whenever reasonably possible. 29 U.S.C. § 1104(a)(1); see also Donovan v. Marzzola, 716 F.2d 1226, 1231 (9th Cir. 1983).  A fiduciary violates ERISA if he breaches any of these duties.

Plan fiduciaries are liable for the breaches of their co-fiduciaries if they (1) knowingly participate in an act of such other fiduciaries, knowing that such acts are a breach, (2) fail to satisfy their own responsibilities, thus enabling the breach, or (3) knowingly fail to make reasonable efforts under the circumstances to remedy a co-fiduciary's breach. 29 U.S.C. § 1105(a)(1)-(3). Trustees of plans with multiple trustees are also liable if they fail to use "reasonable care to prevent a co-trustee from committing a breach." 29 U.S.C. § 1105(b)(1).

3

Here, Plaintiffs allege that Defendants violated the duties of loyalty, exclusivity, and prudence.  Specifically, Plaintiffs contend that Defendants did not act in the interests of beneficiaries or with the exclusive purpose of providing for plan participants, but were instead motivated by a desire to aid Waggoner's electoral ambitions.  Plaintiffs further contend that Defendants acted imprudently by approving a thirteenth payment to retirees that the Fund could ill-afford.

A.  Standard of Review

Courts apply an arbitrary and capricious standard of review to resolve claims that allege that trustees incorrectly used their discretion to balance valid interests among beneficiaries. See, e.g., Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) (Where an ERISA plan grants "discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion"); Johnson v. Trustees of Western Conference of Teamsters Pension Fund, 879 F.2d 651, 1139 (9th Cir. 1989) ("Where, as here, an ERISA trust instrument vests discretionary power in the trustees to construe and administer the trust's terms, we review the trustees' interpretations of those terms . . . for abuse of discretion."); Tapley v. Locals 302 and 602 of IUOE Emp'rs Constr. Ret. Plan, 728 F.3d 1134, 1139 (9th Cir. 2013) ("We equate the abuse of discretion standard with arbitrary and capricious review.").  "Abuse of discretion can be found where an administrator's benefit determination relies on clearly erroneous findings of fact, is unsupported by substantial evidence, or lacks

reasonable basis." <u>Shane v. Albertson's Inc. Emps. Disability Plan</u>, 381 F. Supp. 2d 1196, 1199 (C.D. Cal. 2005).

In cases alleging that a fiduciary misused or imprudently allocated funds to non-beneficiaries, courts generally apply a less permissive, de novo standard of review. <u>See</u> <u>Moody v. Liberty Life Assurance Co. Of Boston</u>, 595 F.Supp.2d 1090, 1096-1097 (N.D. Cal. 2009); <u>Kowalewski v. Detweiler</u>, 770 F. Supp. 290, 292-93 (D. Md. 1991). Though the FAC itself alleges that Defendants were given discretion over management and disposition of Plan assets (FAC ¶ 505), and Plaintiffs acknowledge that retirees have a valid interest in the Plan as participants, Plaintiffs nevertheless argue that the court should review de novo Defendants' decision to issue (or facilitate) the thirteenth payment to retirees.

Plaintiffs contend that the Fifth claim is not a challenge to a discretionary decision regarding allocation of benefits among retirees and non-retirees, but rather concerns a "long-standing practice that was inconsistent with trustees' fiduciary duties to act prudently and loyally to participants and that was detrimental to the Pension Fund as a whole." (Dkt. 196 at 13.) Thus, Plaintiffs argue, because the FAC alleges that Defendants "substantially harmed *the Plan* by gratuitously giving away excess pension benefits," this case involves a dispute between beneficiaries and non-beneficiaries, which implicates a breach of the duty of loyalty to the former, and should be reviewed de novo. (<u>Id.</u>)(emphasis in original).

The pension plan at issue here is not attached to the complaint, nor are the terms of that plan presently before the court. There is insufficient basis, therefore, for this court to

5

conclude whether the decision to make the alleged thirteenth payment was made pursuant to some provision of the trust instrument granting the trustees the discretion to make such a decision.  The commonplace, unremarkable allegation that the trustees generally had discretion to manage the Plan cannot alone suffice to trigger deferential review.  Accordingly, the court applies a heightened standard.

### B.   Defendants' Duties

Plaintiffs allege that by approving or allowing additional pension payments to retirees, Defendants knowingly violated, among other duties, the duties of loyalty and prudence owed to all Plan participants and beneficiaries under 29 U.S.C. § 1104. (Id. ¶ 510.)

Defendant Bourguignon, Defendants Crawford and Prlich, Defendant Poss, and Defendants Waggoner, Adams, Sikorski, Billy, Hawn, Davison, and Operating Engineer Funds, Inc. ("OEFI") each filed motions to dismiss Plaintiffs' Fifth claim. Though the substance of these four motions differs slightly, the arguments are essentially the same.

First, Defendants argue that the FAC should be dismissed because Plaintiffs have offered no facts to support conclusory assertions. (See, e.g., Defendant Waggoner's Reply, Dkt. No. 209, at 17.) ("Plaintiff's allegation that the Pension Fund is 30% underfunded and in critical condition are unsupported conclusions.")  Second, Defendants argue that Plaintiffs' claims are not plausible under the Iqbal/Twombly standard because there is an "obvious alternative explanation" for the alleged facts, such as they are. (Dkt. 209 at 19.) Defendants claim that the "obvious alternative explanation" is that the Trustees "fulfilled their

6

obligation under [ERISA] Section 404 to act solely in the interest and for the exclusive purpose of providing benefits to participants, in this case the retirees." (Id.) Defendants further contend that any political benefit to Waggoner was merely an incidental effect of the increased payments to retirees.

Plaintiffs' FAC alleges that Defendants made the thirteenth payment to retirees "for the purpose of securing votes for Waggoner." (FAC 251).  The FAC supports this assertion with the allegation that retirees, the only group to benefit from the additional payment, have the highest participation rate in union elections.  (FAC 251). Plaintiffs further allege that the Plan is underfunded, that pension contributions were historically not tailored to provide for thirteen payments to retirees, and that current members have been forced to make additional pension contributions to ensure the viability of the fund.  (FAC 32, 252).

These allegations, taken as a whole, are sufficient to state a plausible claim for breach of Defendants' duty of loyalty under ERISA.  The FAC alleges that retirees, a distinct and powerful force in union elections, are the sole beneficiaries of additional payments from a fund that, Plaintiffs allege, is in financial distress.  Plaintiffs contend that the additional payments were made solely for the purpose of securing retiree votes.  While Defendants contend, and a trier of fact might ultimately find, that any election-related benefits to Waggoner were merely incidental, the court must consider the allegations in the light most favorable to Plaintiffs at this stage.  Defendants cannot escape Plaintiffs' factual allegations simply by reformulating them in a light more favorable to the parties seeking dismissal.

7

**III. Conclusion**

For the reasons set forth herein above, Defendants' Motions to Dismiss the Fifth Claim are DENIED.

IT IS SO ORDERED.

Dated: February 18, 2015

DEAN D. PREGERSON
United States District Judge