Richard A. Clark SBN 39558
Michael B. Mellema SBN 247323
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:  (213) 683-6500
Facsimile:   (213) 683-6669
rclark@pmcos.com
mmellema@pmcos.com

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendants Bert Tolbert,
Patricia Waggoner and Kenneth
Waggoner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAS, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, et al.,<br><br>               Defendants. | Case No. 2:12-cv-10506 DDP (JPRx)<br>Judge: Hon. Dean D. Pregerson<br>Magistrate: Hon. Jean P. Rosenbluth<br><br>**STIPULATED PROTECTIVE ORDER** |

1.     A.  <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action will involve the parties' production of confidential,
proprietary, or private information for which special protection from public
disclosure and from use for any purpose other than prosecuting this litigation is
warranted. Accordingly, the parties hereby stipulate to and petition the Court to
enter the following Stipulated Protective Order. The parties acknowledge that this
Order does not confer blanket protections on all disclosures or responses to
discovery and that the protection it affords from public disclosure and use extends
only to the limited information or items that are entitled to confidential treatment
under the applicable legal principles. The parties further acknowledge, as set forth

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

STIPULATED PROTECTIVE ORDER

447191

1   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

2   file confidential information under seal; Civil Local Rule 79-5 sets forth the

3   procedures that must be followed and the standards that will be applied when a

4   party seeks permission from the court to file material under seal.

5       B. <u>GOOD CAUSE STATEMENT</u>

6           This action involves and will necessitate the parties' disclosure of certain

7   confidential, private and/or proprietary information for which special protection

8   from public disclosure and from use for any purpose other than prosecution of this

9   action is warranted. Such confidential and proprietary materials and information

10  consist of, among other things, documents reflecting personal identifying

11  information and private financial information of trust fund plan participants and

12  beneficiaries, personal financial information belonging to plaintiffs and the

13  individual defendants, payroll and personnel records of certain employees of the

14  trust funds, Local 12 and/or Operating Engineers Funds, Inc. ("OEFI"), private

15  financial information, including accounting records, financial statements, bank

16  records, audit reports, and tax returns of Local 12, trust funds and OEFI, as well as

17  written discovery responses and deposition testimony referring or relating to such

18  matters — all  of which information is generally unavailable to the public and/or

19  may be privileged or otherwise protected from disclosure under state or federal

20  statutes, court rules, case decisions, or common law. Accordingly, to expedite the

21  flow of information, to facilitate the prompt resolution of disputes over

22  confidentiality of discovery materials, to adequately protect the private information

23  of both the parties and third parties and such other information as the parties are

24  entitled to keep confidential, to ensure that the parties are permitted reasonable and

25  necessary uses of such material in preparation for and in the conduct of trial, to

26  address their handling at the end of the litigation, and serve the ends of justice, a

27  protective order for such information is justified in this matter. It is the intent of the

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -
STIPULATED PROTECTIVE ORDER

parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: this pending federal law suit, entitled *Mario Salas et al. v. International Union of Operating Engineers et al.*, Central District Case No. 2:12-cv-10506 DDP (VBKx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, depositions or in response to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

STIPULATED PROTECTIVE ORDER

2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 4 -
STIPULATED PROTECTIVE ORDER

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 5 -
STIPULATED PROTECTIVE ORDER

1  If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection, that Designating Party must

3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4  5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in

5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7  under this Order must be clearly so designated before the material is disclosed or

8  produced.

9  Designation in conformity with this Order requires:

10  (a) for information in documentary form (e.g., paper or electronic

11  documents, but excluding transcripts of depositions or other pretrial or trial

12  proceedings), that the Producing Party affix at a minimum, the legend

13  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

14  contains protected material. If only a portion or portions of the material on a page

15  qualifies for protection, the Producing Party also must clearly identify the protected

16  portion(s) (e.g., by making appropriate markings in the margins).

17  A Party or Non-Party that makes original documents available for inspection

18  need not designate them for protection until after the inspecting Party has indicated

19  which documents it would like copied and produced. During the inspection and

20  before the designation, all of the material made available for inspection shall be

21  deemed "CONFIDENTIAL." After the inspecting Party has identified the

22  documents it wants copied and produced, the Producing Party must determine

23  which documents, or portions thereof, qualify for protection under this Order. Then,

24  before producing the specified documents, the Producing Party must affix the

25  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

26  portion or portions of the material on a page qualifies for protection, the Producing

27  Party also must clearly identify the protected portion(s) (e.g., by making

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 6 -
STIPULATED PROTECTIVE ORDER

appropriate markings in the margins).

(b) for testimony given in depositions, the Designating Party may:

i. within 20 days following receipt of the deposition transcript, notify the deposition reporter and other counsel of record in writing of the testimony or portions of the deposition transcript designated as "CONFIDENTIAL." Depositing the written notice in the United States mail within such 20 days shall be deemed timely compliance with this provision; or

ii. identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as Protected Material; or

iii. designate the entirety of the testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 20 days following receipt of the deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified documents, information or items "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. In the event that any Disclosure or Discovery Material subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the material shall give written notice of such inadvertent production within twenty (20) days of discovery of the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

inadvertent production, together with a further designated copy of the subject Protected Material.  Upon receipt of such an Inadvertent Production Notice, any Receiving Party that received the inadvertently produced material shall promptly destroy the inadvertently produced undesignated Protected Material and retain only the designated version.  This provision is not intended to apply to the inadvertent production of any document, testimony, or information which is privileged or otherwise protected subject to paragraph 11 below.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 8 -
STIPULATED PROTECTIVE ORDER

1    terminated, a Receiving Party must comply with the provisions of section 13
2    below (FINAL DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a
4    location and in a secure manner that ensures that access is limited to the persons
5    authorized under this Order.

6        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
7    otherwise ordered by the court or permitted in writing by the Designating Party,
8    a Receiving Party may disclose any information or item designated
9    "CONFIDENTIAL" only to:

10        (a) the Receiving Party's Outside Counsel of Record in this Action, as
11    well as employees of said Outside Counsel of Record to whom it is reasonably
12    necessary to disclose the information for this Action; the officers, directors, and
13    employees (including House Counsel) of the Receiving Party to whom disclosure
14    is reasonably necessary for this Action;

15        (b) Experts (as defined in this Order) of the Receiving Party to whom
16    disclosure is reasonably necessary for this Action and who have signed the
17    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (c) the court and its personnel;

19        (d) court reporters and their staff;

20        (e) professional jury or trial consultants, mock jurors, and Professional
21    Vendors to whom disclosure is reasonably necessary for this Action and who have
22    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23        (f) the author or recipient of a document containing the information or
24    a custodian or other person who otherwise possessed or knew the information;

25        (g) during their depositions, witnesses, and attorneys for witnesses, in
26    the Action to whom disclosure is reasonably necessary provided: (1) the deposing
27    party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -
STIPULATED PROTECTIVE ORDER

they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or a court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material

1   and nothing in these provisions should be construed as authorizing or encouraging

2   a Receiving Party in this Action to disobey a lawful directive from another court.

3   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4   PRODUCED IN THIS LITIGATION

5   (a)   The terms of this Order are applicable to information produced by a

6   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

7   produced by Non-Parties in connection with this litigation is protected by the

8   remedies and relief provided by this Order. Nothing in these provisions should be

9   construed as prohibiting a Non-Party from seeking additional protections.

10   (b)   In the event that a Party is required, by a valid discovery request, to

11   produce a Non-Party's confidential information in its possession, and the Party is

12   subject to an agreement with the Non-Party not to produce the Non-Party's

13   confidential information, then the Party shall:

14   (1)   promptly notify in writing the Requesting Party and the Non-

15   Party that some or all of the information requested is subject to a confidentiality

16   agreement with a Non-Party;

17   (2)   promptly provide the Non-Party with a copy of the Stipulated

18   Protective Order in this Action, the relevant discovery request(s), and a reasonably

19   specific description of the information requested; and

20   (3)   make the information requested available for inspection by the

21   Non-Party, if requested.

22   (c)   If the Non-Party fails to seek a protective order from this court within

23   21 days of receiving the notice and accompanying information, the Receiving

24   Party may produce the Non-Party's confidential information responsive to the

25   discovery request. If the Non-Party timely seeks a protective order, the Receiving

26   Party shall not produce any information in its possession or control that is subject

27   to the confidentiality agreement with the Non-Party before a determination by the

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 11 -
STIPULATED PROTECTIVE ORDER

court unless otherwise ordered.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.     MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 12 -
STIPULATED PROTECTIVE ORDER

this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   REMEDIES

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED BY ALL PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD.

Dated: January 5, 2016          By: */s/ H. Scott Leviant*
                                BERNS WEISS LLP
                                Jeffrey K. Berns
                                H. Scott Leviant
                                Lee A. Weiss
                                Albert G. Lum

                                LAW OFFICES OF J. MARK MOORE
                                J. Mark Moore

                                Attorneys for Plaintiffs Mario Salas, *et al.*

Dated: August 14, 2015          ATKINSON, ANDELSON, LOYA, RUUD & ROMO

                                By: */s/ Barbara S. Van Ligten*
                                Steven D. Atkinson
                                Barbara S. Van Ligten

                                Attorneys for Defendants Michael Crawford, Mike Gomez, Paul Von Berg, Bruce Cooksey, Jim Hulse and Mike Prlish

Dated: September 1, 2015        HILL, FARRER & BURRILL LLP

- 14 -
STIPULATED PROTECTIVE ORDER

1

2

3                                              By: /s/ E. Sean McLoughlin
                                                   James A. Bowles
                                                   E. Sean McLoughlin

4                                                  Attorneys for Defendant C.W. Poss

5    Dated: August 18, 2015         MCLEOD & WITHAM LLP

6

7                                              By: /s/ David McLeod
                                                   David McLeod
8                                                  Jeffrey R. Witham

9                                                  Attorneys for Defendants William
                                                   Waggoner, Mickey J. Adams, Dan Billy,
10                                                 Larry Davison, Dan Hawn, Ron Sikorski,
                                                   and Operating Engineers Funds, Inc.

11

12   Dated: August 18, 2015         PARKER MILLIKEN CLARK
                                    O'HARA & SAMUELIAN APC

13

14                                             By: /s/ Michael B. Mellema
                                                   Richard Clark
15                                                 Michael B. Mellema

16                                                 Attorneys for Defendant Burt Tolbert
                                                   Patricia M. Waggoner and Kenneth D.
17                                                 Waggoner

18   Dated: August 18, 2015         CADDEN AND FULLER, LLP

19

20                                             By: /s/ Andrew M. Sussman
21                                                 Andrew M. Sussman

22                                                 Attorneys for Defendant Don Bourguignon,
                                                   Kenneth Bourguignon and Walt Elliot

23

24

25   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

26

27   Dated: January 13, 2016

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 15 -
STIPULATED PROTECTIVE ORDER

By: _____

Hon. United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Mario Salas et al. v. International Union of Operating Engineers et al*., Central District Case No. 2:12-cv-10506 DDP (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

- 16 -
STIPULATED PROTECTIVE ORDER

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

1    Printed name:_____

2    Signature:_____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 17 -
STIPULATED PROTECTIVE ORDER